GILBERT WINNIE vs. BENJAMIN S. GRAYSON — Appeal from Galveston County.

An application for an injunction to stay proceedings on a judgment must be to the court in which the judgment was rendered, unless made by one who was not a party to the judgment, and whose residence is in a different county.

Where the property of a person, who is not a party to the judgment, has been levied upon, he may claim that his rights shall be tried in the court of his domicile.

Case stated in the opinion of the court.

ALEXANDER for appellant.

HARRIS for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The appellant had obtained an injunction to an execution that had been sued out against him, directed to the sheriff of Galveston county, by the clerk of the district court of Brazoria county, on a judgment of that court in favor of the appellee.

In the petition, the appellant relies on two grounds in support of his application:

1st. That he had been discharged under the bankrupt act of the congress of the republic, since the rendition of the judgment; and

2d. That the execution was not sued out until more than five years had elapsed from the rendition of the judgment.

The petition was dismissed and the injunction dissolved, on motion of the appellee.

From the face of the petition, we believe that the court did not err in dismissing it and in dissolving the injunction. It was not an original suit, but grew out of a judgment in a suit between the same parties in another county; and if the petitioner was entitled to the relief prayed for, it could only have been afforded in the court in which the original judgment was rendered. In this case, there were no rights of a third party intervening that justified separating the case from the original one complained of. Had the property of a third person been levied on by virtue of this execution, such third person might

well have claimed that, as to him, his rights should be tried in the court of his domicile; but in this case the matters set up in defense against the execution, with propriety, belonged to the court in which the judgment was rendered, on which the execution was alleged to have been improperly and illegally issued. The objection to the execution could only be tried by the record; and for this reason we believe the suit was rightly and correctly dismissed in the district court of Galveston county. If the appellant has merits, the proceedings in this case cannot prejudice him in their assertion.

The judgment is affirmed.