## J. B. ADOUE ET AL. v. B. S. WETTERMARK.

### Decided February 9, 1900.

**1. Judgment—Injunction—Venue.**

The district court wherein a judgment is rendered alone has jurisdiction of a suit to enjoin the execution of such judgment, unless it be void. Rev. Stats., arts. 1194 (sec. 17), 2996.

**2. Same.**

Where the judgment of a Court of Civil Appeals affirms the judgment below and adjudges that the appellee recover from the appellant and the sureties on his supersedeas bond "such amounts as were adjudged to them below, and all costs," it is prima facie a valid judgment, and the district court of a county other than the one in which the original judgment was entered has not jurisdiction to enjoin an execution issued after filing of the mandate below on the ground that it is not a money judgment against the sureties.

APPEAL from Nacogdoches. Tried below before Hon. TOM C. DAVIS.

*Cobb & Avery* and *Ingraham, Ratcliff & Huston,* for appellants.

*Blount & Garrison,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit in the District Court of Nacogdoches County against J. B. Adoue, H. W. Jones, clerk of the District Court of Dallas County, and W. J. Campbell, sheriff of Nacogdoches County, to enjoin and restrain the said Adoue and Campbell from selling certain land belonging to appellee which had been levied on under an order of sale and execution issued from the District Court of Dallas County in cause No. 16067 on the docket of said court, styled Adoue v. Bermea Land and Lumber Company et al., and to enjoin said Jones from issuing any other writs in said cause against appellee or his property. The appellants filed proper plea to the jurisdiction of the court, and also moved to dissolve the preliminary injunction because of want of jurisdiction in the District Court of Nacogdoches County to hear and try the cause. Upon the trial of the cause appellants' plea and motion were both overruled, and a decree rendered perpetuating the injunction. The facts in the case, which are undisputed, are as follows:

Appellants J. B. Adoue and H. W. Jones resided in Dallas County, and Jones was the clerk of the District Court of Dallas County (forty-fourth judicial district of Texas), and appellant W. J. Campbell resided in and was sheriff of Nacogdoches County. On April 12, 1898, appellant J. B. Adoue recovered in said District Court of Dallas County a judgment against the Petri Lumber Company for $13,882, with interest and costs, and foreclosing a lien on certain machinery in possession of and claimed by the Bermea Land and Lumber Company (a party to said cause), and denying the title to same set up by said company, and refusing foreclosure of certain liens thereon claimed by said company. It

ordered that an order of sale issue to the sheriff of Nacogdoches County commanding him to seize and sell the machinery and apply the proceeds on said judgment, and after such sale to make any balance remaining unpaid out of the Petri Lumber Company. "To all of the foregoing judgment the defendant Bermea Land and Lumber Company excepts, and in open court gives notice of appeal to our Court of Civil Appeals." To perfect said appeal and to suspend the enforcement of said judgment, said Bermea Land and Lumber Company gave a regular supersedeas bond, signed by it as principal and Giles R. Crain and appellee Wettermark as sureties, which was for $30,000, being double the amount of said judgment and costs. This supersedeas bond described this judgment at length and then proceeded as follows: "From which judgment and decree the said defendant corporation, Bermea Land and Lumber Company, has appealed to our Court of Civil Appeals by excepting to said judgment and decree and giving due notice of appeal therefrom in open court and having the same noted on the docket and entered of record therein. Now, therefore, to perfect said appeal, we, the said Bermea Land and Lumber Company, acting by its duly authorized officer, as principal, and B. S. Wettermark and Giles R. Crain as sureties, acknowledge ourselves bound to pay to the said J. B. Adoue, plaintiff, and the said Petri Lumber Company, corporation defendant herein, the sum of $30,000, conditioned that the said Bermea Land and Lumber Company, appellant herein, shall prosecute its appeal with effect, and in case the judgment of the Supreme Court or Court of Civil Appeals shall be against it (the said Bermea Land and Lumber Company), it shall perform its judgment, sentence, or decree, and pay all such damages as the said court may award against it."

This appeal was duly prosecuted, and on March 15, 1899, the Court of Civil Appeals for the Third Supreme Judicial District of Texas, sitting at Austin, rendered the following judgment therein, viz.: "This cause came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of the court that there was no error in the judgment, it is therefore considered, adjudged, and ordered that the judgment of the court below be in all things affirmed; that the appellees, J. B. Adoue and the Petri Lumber Company, a corporation, do have and recover of and from appellant, the Bermea Land and Lumber Company, principal, and its sureties, B. S. Wettermark and Giles R. Crain, such amounts as were adjudged to them by the court below, and all costs in this behalf expended, and this decision be certified below for observance."

On July 8, 1899, a mandate was issued by said Court of Civil Appeals directed to the District Court of Dallas County, and was received and filed in said court on July 10, 1899. This contained a copy of above judgment, and commanded as follows: "Wherefore we command you to observe the order of said Court of Civil Appeals in this behalf and in all things to have it duly recognized, obeyed, and executed."

Based on the above proceedings, on July 14, 1899, appellant H. W.

Jones, as clerk of said District Court of Dallas County (forty-fourth judicial district of Texas), duly issued an order of sale directed to the sheriff or any constable of Nacogdoches County. This recited the judgment of said District Court for $13,882 and interest, the giving of the said supersedeas bond, the above judgment of the Court of Civil Appeals, and receipt of said mandate. It first ordered the officer to seize and sell the machinery on which the foreclosure was decreed and to apply the proceeds on said judgments, and then commanded: "But if said property can not be found, or of said property shall not sell for enough to pay off and satisfy this judgment, then that you make the said money or any balance thereof remaining unpaid, out of any other property of the Petri Lumber Company, the Bermea Land and Lumber Company, B. S. Wettermark, and Giles R. Crain, or either of them, as in case of ordinary executions."

Under this writ the appellant, W. J. Campbell, as sheriff of Nacogdoches County, seized and sold said machinery for $1925, and after calculating interest, there was a balance remaining unpaid on the writ of $13,412.95. For this balance the sheriff then levied this writ on certain land in Nacogdoches County as the property of appellee, and was proceeding to advertise it for sale when he was enjoined herein. Both the Petri Lumber Company and the Bermea Land and Lumber Company were insolvent. Appellee then obtained from the district judge of the first judicial district an order for the clerk of the District Court of Nacogdoches to issue a writ of injunction stopping such sale. The appellees' petition contained copies of all the above proceedings. It was filed in the District Court of Nacogdoches County. The writ of injunction as prayed for was issued by the clerk of that court, and was made returnable to the District Court of Nacogdoches County.

The decree restrained Adoue and Campbell from selling the land of appellee, and enjoined the appellant Jones, as clerk of the District Court of Dallas County, from issuing any other writ or process in said cause against appellee or his property.

Under their first, second, and third assignments of error appellants contend that the trial court erred in overruling their plea to the jurisdiction and their motion to dissolve, because this is a suit to enjoin the execution of a judgment and to stay proceedings in a suit in the District Court of Dallas County in which appellee, by the execution of the bond described in the petition, became a party, and this suit can only be brought in the District Court of Dallas County from which the writ sought to enjoin was issued, by which the judgment sought to be enjoined was rendered, and in which the record remains on which said writ was issued. Our venue statute, article 1194, section 17, Revised Statutes, in stating the exceptions to the general rule, that all suits must be brought in the county in which the defendant has his domicile, provides that, "When suit is brought to enjoin the execution of a judgment or to stay proceedings in any suit, in which case the suit shall be brought in the county in which such judgment was rendered or in which

such suit is pending." Article 2996, Revised Statutes, provides that writs of injunction to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered. Our decisions have uniformly held that the court in which the judgment is rendered alone has jurisdiction of a suit to enjoin the execution of such judgment, unless such judgment is void. Appellee makes no issue as to these general rules of law, but insists that they are not applicable to the facts of this case, because it does not appear from the record that any money judgment in the suit of Adoue v. Bermea Land and Lumber Company was ever rendered against appellee by the District Court of Dallas County, or by the Court of Civil Appeals in which said cause was tried on appeal from the said District Court of Dallas County. The judgment of the Court of Civil Appeals as copied in appellee's brief is as follows:

"This case came on to be heard on the transcript of the record, and the same being inspected, it is the opinion of the court that there was no error in the judgment. It is therefore considered, decreed, and ordered that the judgment of the court below be in all things affirmed, and that the appellees J. B. Adoue and the Petri Lumber Company have and recover of and from the appellant, the Bermea Land and Lumber Company, and its sureties, B. S. Wettermark and Giles R. Crain, such amounts as were adjudged to them by the court below, and all costs in this behalf expended, and this decision be certified below for observance." This is not a void judgment, and is upon its face a judgment against the appellee Wettermark. The execution of this judgment is by the statute committed to the clerk of the District Court of Dallas County, and the mandate in said cause issued by the clerk of the Court of Civil Appeals to the District Court of Dallas County directs said court as follows: "Wherefore we command you to observe the order of our said Court of Civil Appeals in this behalf, and in all things to have it duly recognized, obeyed, and executed." Rev. Stats., art. 1035. The clerk of the District Court of Dallas County having issued an execution on said judgment against the appellee Wettermark for the amount recovered by appellant in said District Court of Dallas County, to which court the mandate in said cause was returned, and the execution of said judgment being committed to said clerk under the order and supervision of said District Court of Dallas County, only said District Court, or the Court of Civil Appeals, has jurisdiction to determine the nature and extent of said judgment as it affects the appellee. As to whether said judgment is a money judgment against appellee for the whole amount of appellants' debt, or whether such judgment could have been properly rendered by the Court of Civil Appeals in said cause, are questions which the District Court of Nacogdoches County had no jurisdiction to determine, and which this court does not think proper to discuss. The record of the case is in the District Court of Dallas County; the writ sought to be enjoined issued from said court, and whether or not said writ is supported by the

judgment must be tried by the record, and by the court in which the record was made and remains. Winnie v. Grayson, 3 Texas, 429. It is necessary for the due and orderly administration of justice that the rule of comity which forbids one court from interfering with the execution of the judgments of another should be strictly enforced. Any other rule would lead to unseemly and disorderly conflict between the courts, and be productive of interminable confusion, and of results disastrous to the administration of justice. Because in our opinion the District Court of Nacogdoches County was without jurisdiction to hear and determine the issues involved in the suit, the judgment of the said court is reversed and this cause is ordered dismissed.

*Reversed and dismissed.*