T. E. SMITH v. B. V. MORGAN ET AL.

Decided February 26, 1902.

**1.—Injunction—Jurisdiction of District Court.**

The district court is without jurisdiction over an action to enjoin the enforcement of a county court judgment in favor of defendant against plaintiff for $481.10, and to offset against it that amount from three judgments, aggregating $800, in favor of plaintiff against defendant, who was insolvent; the writ should be returned to and tried in the county court where judgment was recovered.

2.—Cloud on Title—Pleading.

Allegations of hindering sale of plaintiff's lands by recording abstract of judgment against him, considered and held not sufficiently specific to charge cloud of plaintiff's title, so as to support the jurisdiction of the district court to relieve therefrom.

Appeal from Bell.　Tried below before Hon. John M. Furman.

*A. J. Harris,* for appellant.

*Shannon & Lee* and *D. R. Pendleton,* for appellees.

KEY, Associate Justice.—Appellant brought this suit in the District Court of Bell County, alleging, in substance, that the defendant B. V. Morgan had obtained a judgment against him in the County Court of Bell County for $481.10, which judgment the defendants W. T. Shannon and Brown F. Lee were claiming to own under an assignment from B. V. Morgan. The plaintiff alleged that he was the owner of three judgments against B. V. Morgan, aggregating something over $800; that Morgan was insolvent and could not be compelled to pay said judgments. Wherefore the plaintiff prayed for a decree offsetting the judgments held by him against Morgan against the judgment held by Morgan against him, and for judgment against Morgan for the balance of the aggregate of said judgments so held by the plaintiff. He also asked for an injunction restraining the defendants from causing an execution to issue upon the Morgan judgment against him, and prayed for general relief.

The District Court held that it was without jurisdiction and dismissed the plaintiff's suit. The plaintiff has appealed, and assigns that ruling as error.

We think the ruling is correct. It is provided by statute that writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. Rev. Stats., art 2996. In substance, this is a suit to stay execution upon a judgment, and falls within the purview of the statute cited, and should have been brought in the county court where the judgment was rendered.

The petition does not disclose a cause of action for the removal of cloud upon title to real estate. True, it avers that the plaintiff believes that the defendants Shannon and Lee have caused an abstract of the County Court judgment to be recorded in the judgment records of the county clerk's office of Bell County, thereby operating as a cloud upon the title to the plaintiff's land, and interfering and preventing him from selling 700 acres thereof. But it is not alleged as a fact that an abstract of the judgment was recorded, and the petition does not describe or identify any particular tract of land, the title to which was clouded, and affords no basis for a decree removing cloud from title, nor is any such decree prayed for.

While the plaintiff's petition is quite voluminous, when analyzed it will be ascertained that its only purpose was to offset the judgments owned by plaintiff against the judgment held by Morgan against the plaintiff. It may be true that, in order to adjust the rights of the parties, equitable powers will have to be exercised, but, within the limit of its jurisdiction, the county court can exercise such powers, as well as the district court. Plaintiff's contention is that as Morgan is insolvent, and as he holds judgments against Morgan in excess of Morgan's judgment against him, Morgan and his assignees should be compelled to allow his judgments as an offset and restrained from collecting the Morgan judgment. The amount in controversy is not Morgan's indebtedness to the plaintiff; according to the petition, that matter has already been determined and reduced to judgments. The controversy between the parties is the right of the defendants to collect the Morgan judgment, the plaintiff denying that right, and asking in substance, for a stay of execution upon that judgment, upon the ground that, in equity, it should be considered as paid.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*