This is an appeal from a judgment of the Forty-Second district court, rendered in term time, dissolving a temporary writ of injunction granted on the application of appellant by Hon. W. T. Simmons, judge of the Sixty-Seventh district court, restraining the execution of a judgment of the county court of Eastland county on an appeal from the justice's court in appellee's favor for the sum of $85, said writ having been made returnable to the district court of Eastland county (Eastland being one of the counties composing the Forty-Second judicial district), the original amount in controversy *Page 1065 
being for less than $100. The ground upon which said writ was sought by appellant was that the jury which tried the case in the county court of Eastland county had not been sworn; this fact not having been discovered by appellant until after the return of the verdict. It appears from the record in this case that the application presented to the said judge of the Sixty-Seventh judicial district, who granted the writ, disclosed the fact that the application had been presented to the judge of the Forty-Second judicial district, and that said judge had acted on said application and refused the same. After the granting of said temporary order of injunction by said judge of the Sixty-Seventh district, appellant filed its said petition with said order granting the same indorsed thereon in the district court of Eastland county, and the clerk of said court complied with said order, and the proper writs were issued and served as provided by law. Appellee having appeared and answered by general demurrer and general denial, the court, upon a hearing of the cause, rendered judgment sustaining appellee's demurrer, discharging the defendants with their costs, and dissolving the writ of temporary injunction. From this judgment appellant prosecutes this appeal.
Independent of the other questions presented by this appeal, we are of the opinion that the question as to whether or not the district court of Eastland county had jurisdiction to hear and determine this case is decisive of this appeal. Sayles' Ann.Civ.St. 1897, art. 2996, declares that "writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered," etc. We are therefore of the opinion that under the plain terms of the statute as above quoted said district court of Eastland county was without jurisdiction to hear and determine said cause, and that said court erred in assuming to have such jurisdiction, and in hearing and determining said cause, and in entering judgment dissolving said writ of injunction. Sayles' Ann.Civ.St. art. 2996; Smith v. Morgan, 28 Tex. Civ. App. 245,67 S.W. 919: Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S.W. 592,57 S.W. 984; Bell v. York, 43 S.W. 68; Adoue v. Wettermark,22 Tex. Civ. App. 545, 55 S.W. 511. As held by Judge Pleasants in the last-named case, we consider it necessary for the due and orderly administration of justice that the rule of comity which forbids one court from interfering with the execution of the judgment of another should be strictly enforced. Any other rule would lead to unseemly and disorderly conflict between the courts and be productive of interminable confusion and of results disastrous to the administration of justice.
Whether the judgment complained of by appellant in its application for injunction, as rendered against it in the county court of Eastland county, was void because the jury trying the case was not sworn, as contended by appellant, we do not deem necessary to here discuss further than to state that we do not agree with the contention of appellant that said judgment is void, this question having heretofore been considered and so decided by this court in an opinion of Chief Justice Conner on this day on an appeal from an interlocutory order in cause No. 5,953 on the docket of this court, styled Texas Pacific Ry. Co., Appellant, v. J. E. Butler et al., Appellees, 52 Tex. Civ. App. 323, 114 S.W. 671.
Also on the question as to whether Hon. W. T. Simmons, a nonresident district judge, had authority to grant the writ, the same having been denied by the resident district judge (see Gen. Acts 30th Leg., p. 206, art. 5, § 16 of the Constitution, giving the power to grant writs of injunction in cases where its jurisdiction alone is involved to the county court or judge thereof, to the exclusion of the district court), we find it unnecessary to express an opinion in determining this appeal.
Because in our opinion the district court of Eastland county had no jurisdiction to hear and determine the issues involved in this cause, the judgment of said court is here reversed and said cause is ordered dismissed from the docket of said district court of Eastland county, and all proceedings heretofore had, and all writs and process heretofore issued in this case, in said court, are here vacated and annulled, and it is here ordered that all costs in the court below be paid by appellant, and that the costs growing out of and occasioned by this appeal be taxed against and paid by appellee.