## KATE L. ISBELL v. W. W. SOUTHWORTH.

### Decided November 21, 1908.

**Trespass to Try Title—Pleading.**

Where plaintiff in trespass to try title showed a prima facie right . to recover, by conveyances carrying the title of the original grantee, defendant, who had plead only not guilty and limitation, could not defeat plaintiff's recovery by showing that the land was listed as the property of a partnership formerly owning it, in an auction sale of the assets of such partnership, and that he had acquired an interest therein under such sale. There being no conveyance from such partnership, the right so claimed was not a title, interest or right in the land, but a mere right to acquire one, which required special pleadings to enable him to assert it.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*C. H. Earnest* and *W. D. Benson,* for appellant.—The purchase money for the land having been furnished by the firm of Gilliland & Co., of which firm Kate L. Isbell, plaintiff, and her brother, J. R. S. Gilliland, were the sole capital-furnishing members, though the title was taken in the name of Gilliland & Co. by a deed which recited that said firm was composed of Kate L. Isbell, J. R. S. Gilliland and W. W. Southworth, there was a resulting trust in favor of plaintiff, Kate L. Isbell and J. R. S. Gilliland, the said W. W. Southworth being only a profit-sharing partner in the firm, and said firm having done a losing business. Tarpley v. Poage, 2 Texas, 150; Burns v. Ross, 71 Texas, 516-19; Baylor v. Hopf, 17 S. W., 231.

*McGee & Puckett,* for appellee.—The equities of the firm of Gilliland & Co. in the land in controversy were sold to the firm of Stanley Good & Co. after the dissolution of the former by the death of J. R. S. Gilliland, and the appellant was paid the whole of the proceeds of such sale, and can not now claim any legal or equitable rights to the land, or any part of it, by reason of her connection with the firm of Gilliland & Co. Baldwin v. Richardson, 33 Texas, 28; Murrell v. Mandelbaum, 85 Texas, 22; Spencer v. Jones, 92 Texas, 516.

PRESLER, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant, Mrs. Kate L. Isbell, against appellees, W. W. Southworth, Jay Goode, George Wiegand and Matt Wiegand, to recover the title and possession of six hundred and forty acres of land in Lubbock County, Texas, being section 51, block A, certificate No. 439, H., E. & W. T. Railway Company. In addition to the ordinary allegations of trespass to try title, the plaintiff pleaded the statute of five years

limitation.  Defendants Jay Goode, George and Matt Wiegand filed no answer.  The defendant W. W. Southworth answered by general demurrer and plea of not guilty, and specially by plea of four years limitation against any rights asserted by appellant growing out of a settlement of partnership affairs.  On trial of the case before the court without a jury judgment final was rendered in favor of plaintiff against the defendants Jay Goode, George Wiegand and Matt Wiegand for the entire tract of land in controversy, and against appellee W. W. Southworth for an undivided three-fourths interest in said land, and in favor of the said W. W. Southworth for an undivided one-fourth interest thereof.  The section of land in controversy in this case was originally granted by the State of Texas to James R. Ruffell, who afterwards conveyed the same to E. R. Dequasie, who in 1884 conveyed the same in trust to J. B. Lucas, trustee, by deed of trust dated April 1, 1884, to secure Backus & Company in the payment of a promissory note for $712.50, dated April 1, 1884, and payable one day after date.  Thereafter said J. B. Lucas, trustee, by deed of date August 19, 1884, conveyed said land to W. W. Southworth, who on July 3, 1888, by deed of that date conveyed said land to Gilliland & Company, a firm composed of J. R. S. Gilliland, Kate L. Isbell and W. W. Southworth.  It appears from the evidence in this case that the firm of Gilliland & Company succeeded the firm of Backus & Company, and that the capital and money invested in said business was equally contributed by J. R. S. Gilliland and Mrs. Kate L. Isbell; that W. W. Southworth had only an interest in the profits of said business, of which he had the management and control, but furnished no capital at any time.  It further appears that after several years' operation of said mercantile business at Colorado City and El Paso the firm of Gilliland & Company was dissolved by the death of J. R. S. Gilliland, and that the net result of said business venture had been a loss of about seven thousand two hundred dollars of the original capital furnished by Mrs. Isbell and J. R. S. Gilliland, and that there were no profits growing out of the conduct and management of said business of Gilliland & Company, and that at the time of the dissolution of said firm appellant, Mrs. Kate L. Isbell, claimed to be the sole owner of the interest of J. R. S. Gilliland in the remaining property and effects of said firm of Gilliland & Company.  Also that W. W. Southworth never at any time had any money in the business of said firm, but that his total interest therein was that of manager, with a share in the profits, if any.  It also appears that upon the death of J. R. S. Gilliland, by agreement of attorneys representing Gilliland, Mrs. Isbell and Southworth, said business of Gilliland & Company was closed out by selling at auction all the assets, goods, merchandise and land belonging to said firm of Gilliland & Company, and the proceeds of such sale, amounting to two thousand eight hundred dollars, were turned over to H. D. Laughlin, attorney for Mrs. Isbell.  We deem it proper to say here that there is a controversy shown by the evidence between the only two witnesses who testified as to what was included in this sale—to wit: Mrs. Isbell and Southworth.  The former contended that only the drygoods were sold, and that she still owned the remaining assets of the firm of Gilliland & Company, and the appellee, Southworth, testified that the land in controversy was listed and sold together with the stock of dry-

goods, fixtures and other property belonging to the firm of Gilliland & Company. Said last-named witness also testified that at said auction sale the firm of Stanley, Goode & Company, a firm composed of Jay Goode, Henry D. Laughlin, Mrs. Kate L. Isbell and W. W. Southworth, and organized for the purpose of buying the assets of Gilliland & Company, bought all the assets of said firm, including the land in controversy, and that said land was listed as a part of the assets of said firm, and that his (Southworth's) interest in the land in controversy is one-fourth thereof, and originated under and by virtue of said purchase at said auction sale by said firm of Stanley, Goode & Company, and that the interest of Henry D. Laughlin, Jay Goode and Mrs. Kate L. Isbell in said tract of land in controversy was a one-fourth interest each, and their respective claims to said land originated as did his under and by virtue of said auction sale above mentioned.

There are no findings of fact by the trial court shown in the record. We conclude that the theory upon which the court based its judgment in this case awarding Mrs. Isbell, the appellant, three-fourths of the land in controversy, and the appellee, Southworth, one-fourth of the same, is founded upon the contention of appellant, as hereinbefore set out, to wit, that both appellant and appellee's claims to this land and interest therein arose under and by virtue of the auction sale of the assets of the firm of Gilliland & Company, but we are constrained to the opinion that the evidence in this case shows that title to said land on the dissolution of the firm of Gilliland & Company vested in the appellant, Mrs. Isbell, as against these defendants, and that under the allegations of her petition to the effect that she was the legal and equitable owner of the land in controversy, upon the admission in evidence of the recorded deeds mentioned in the statement of facts, to wit, title from the State of Texas to James R. Ruffell, deed from James R. Ruffell to E. R. Dequasie, deed of trust from E. R. Dequasie to J. B. Lucas, trustee, deed from J. B. Lucas, trustee, to W. W. Southworth, deed from W. W. Southworth to Gilliland & Company; and upon proof of the further fact, as shown by the evidence herein, that appellee Southworth was only interested in the business of the firm to the extent of one-third of the profits, had never furnished any of the capital, and that there had been no profits, but a loss, from his operation and conduct of said business, it appearing that, if Mrs. Isbell had not become the owner of the interest of J. R. S. Gilliland in the land, she was a joint owner and tenant in common with his heirs therein; she made a prima facie case supporting her claim of title to the property in controversy, and was entitled, under the record in this case, to a judgment against these defendants in her favor for all the land in controversy; as we are of the further opinion that appellee Southworth, having pleaded in this case only a general demurrer, not guilty, and plea of four years limitation respecting partnership matters, could not, under his plea of not guilty, set up any claim of right or equity in said land arising under and by virtue of said auction sale of the assets and property of Gilliland & Company, this in our opinion being such an independent matter of equitable right as is required to be specially pleaded, not being involved in the issue of title directly in controversy, it appearing from the record that no deed had ever been made

Vol. LII. Civil—26.

by anyone to Stanley, Goode & Company, or to any member of said firm, purporting to convey title to the land in controversy, so far as shown by the record in this case, the most that can be said of the rights originat· ing under said auction sale of said land ' (if, in fact, the land was included) is that it amounted to a parol agreement to convey the land so listed and sold at said auction. As hereinbefore indicated, we are of the opinion that the pleadings of appellée are insufficient to admit proof of any interest in the land in controversy arising out of said auction sale, and that the record in this case fails to show any title, interest or right in the land otherwise acquired by him. Perego v. White, 77 Texas, 196; Ayres v. Duprey, 27 Texas, 601; Stroud v. Springfield, 28 Texas, 673; Catlin v. Bennett, 47 Texas, 172; Rippetoe v. Dwyer, 49 Texas, 507; Williams v. Barnett, 52 Texas, 132; Fuller v. O'Neil, 69 Texas, 352; 5 Am. St. Rep., 62; Mexia v. Lewis, 12 Texas Civ. App., 105; McCampbell v. Durst, 15 Texas Civ. App., 531; Hanrick v. Gurley (Texas Civ.), 48 S. W., 999, and Matthews v. Moses, 21 Texas Civ. App., 496.

We therefore conclude that this case should be here reversed as to the one-fourth interest awarded appellee in the court below, and said case remanded for a new trial as to said interest, and in all other respects the judgment appealed from should be affirmed, and it is so ordered.

*Affirmed in part and reversed and remanded in part.*