### K. M. GODFREY ET AL. V. J. L. LACKEY ET AL.

#### Decided May 7, 1910.

**Injunction—Jurisdiction.**

Even if a district judge has the power to issue a writ of injunction restraining the enforcement of a judgment rendered by a County Court, the writ should be made returnable to and tried in the court which rendered the judgment. The District Court has no jurisdiction to finally hear and determine the controversy.

Error from the District Court of Collingsworth County. Tried below before Hon. S. P. Huff.

*J. M. Duke* and *H. E. Deaver,* for plaintiffs in error.

*Lackey & Cocke* and *Theodore Mack,* for defendants in error.

SPEER, ASSOCIATE JUSTICE.—This is a writ of error proceeding to revise the judgment of the District Court of Collingsworth County dissolving a temporary writ of injunction theretofore granted by the district judge in vacation, restraining the enforcement of a judgment rendered by the County Court of Collingsworth County, on the ground of the nullity of such judgment.

We are not at liberty to discuss the questions raised in the briefs going to the merits of the case, since it appears the District Court had no jurisdiction to finally hear and determine the controversy. Article 2996, Sayles' Texas Civil Statutes, declares that: "Writs of injunction granted to stay proceedings in a suit or execution on a judgment, shall be returnable to and tried in the court where such suit is pending or such judgment was rendered." So that, if it be conceded that the District Court had the power in the first place to issue the writ, clearly it should have been returnable to and tried in the County Court of Collingsworth County. Texas & P. Ry. Co. v. Butler, 52 Texas Civ. App., 323 (114 S. W., 671), 102 Texas, 322. The order of the district judge in dissolving the injunction, whether right or wrong on the merits, is, therefore, vacated because of the

want of jurisdiction in the District Court to hear and determine the matter. Judgment reversed.

*Reversed and· remanded.*