HILLSMAN et al. v. CLINE et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1912. Rehearing Denied March 13, 1912.)

1. COURTS (§ 121*)—JURISDICTION — COUNTY COURT—INJUNCTION.

A county court has jurisdiction to restrain execution on a judgment of the county court, though less than $200.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428; Dec. Dig. § 121.*]

2. JUDGMENT (§ 455*)—EQUITABLE RELIEF—INJUNCTION—VENUE.

Under Rev. St. 1895, art. 2996, making writs of injunction granted to stay proceedings in a suit, or an execution, returnable to the court where such suit is pending, or where judgment was rendered, the writ in a suit in the county court to enjoin the enforcement of a judgment of the Lee county court should be returnable to that court, unless the judgment sought to be enjoined was absolutely void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 860–862; Dec. Dig. § 455.*]

3. JUSTICES OF THE PEACE (§ 84*)—APPEARANCE—WAIVER OF DEFECTS IN PROCESS.

That a justice's citation to a defendant was insufficient or improperly served was immaterial where he appeared and pleaded.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 266–278; Dec. Dig. § 84.*]

4. PRINCIPAL AND SURETY (§ 164*)—CONFORMITY TO JUDGMENT—RECITAL OF PERFORMANCE OF CONDITIONS.

The fact that notices of execution sale of property of a surety on an appeal bond did not show that a levy had been first attempted on the principal's property, as required by the judgment, was not a jurisdictional defect, which would make the sale void.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 456–465; Dec. Dig. § 164.*]

5. VENUE (§ 32*)—PLEA OF PRIVILEGE—BURDEN OF PROOF.

One filing a plea of privilege to be sued in another county must prove its material allegations, and abandon the plea by failure to appear and prove it.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

6. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACTS—NECESSITY.

In the absence of a statement of facts on appeal by judgment creditors from a decree enjoining execution on their judgment, the appellate court cannot say that an allegation of the petition that one of the defendants in the original suit was not disposed of in any way by the judgment was not proved at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

7. APPEAL AND ERROR (§ 79*)—JUDGMENTS APPEALABLE—FINAL JUDGMENTS.

A judgment is not final for the purpose of an appeal where no disposition is made as to one of several defendants sued, though such defendant be not cited.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

8. APPEAL AND ERROR (§ 854*)—SCOPE OF REVIEW—REASONS FOR DECISION.

Where the appellate court cannot say, because of the want of a statement of facts, that a ground for injunction alleged in the petition was not proved at the trial, the judgment granting the injunction will be affirmed, though

the trial court assigned other reasons for its action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3430; Dec. Dig. § 854.*]

Appeal from Wharton County Court; J. R. Bowen, Judge.

Suit by H. A. Cline and others against J. C. Hillsman and others. Decree perpetuating an injunction and defendants appeal. Affirmed.

Wm. O. Bowers, for appellants.

JAMES, C. J. This is an appeal from a decree perpetuating an injunction. There is no statement of facts, and the errors claimed to exist in the record depend solely upon what appears in the petition.

The allegations are in substance: That on August 31, 1908, appellants recovered a judgment in a justice's court in Lee county against J. M. Tigner in a suit styled J. C. Hillsman & Sons v. E. A. Sterling et al. for $61 on a verified account. That Tigner duly filed in that court his plea of privilege upon the ground that his residence was in Wharton county about August 30, 1908. That the citation was directed to the sheriff of Lee county, but was served on him in Wharton county by the sheriff of Wharton county. That on August 31, 1908, the justice entered upon his docket "Plea of privilege overruled, this August 31, 1908. C. D. Hurst, J. P. Prec. No. 1, Lee county, Texas," from which order the said Tigner prosecuted an appeal to the county court of Lee county, and filed an appeal bond as follows: "J. C. Hillsman & Sons, vs. E. A. Sterling & J. M. Tigner. No. 1,707. In the Justice Court of Precinct No. 1, Lee County, Texas. Whereas, on the 31st day of August, A. D. 1908, before C. D. Hurst, justice of the peace in the county of Lee, state of Texas, wherein the defendant, J. M. Tigner, filed in said court on the 31st day of August, A. D. 1908, his plea of privilege in writing duly verified by defendant to be sued in the county of Wharton, in which the residence of said defendant, J. M. Tigner, was therein alleged to be; and whereas, on the said 31st day of August, A. D. 1908, the said C. D. Hurst, justice of the peace, entered upon the docket of said court substantially as follows: 'Plea of privilege overruled, this August 31st, 1908. C. D. Hurst, J. P. Prec. No. 1, Lee Co., Texas,' whereby said justice of the peace by said order overruled the said plea of privilege so filed by said defendant, J. M. Tigner, from which judgment of the court overruling said plea of privilege the said defendant, J. M. Tigner, appealed to the county court of Lee county, Texas. Now, therefore, we, J. M. Tigner, as principal and H. A. Cline, and Tom Brooks, as sureties, acknowledge ourselves bound to pay unto the said J. C. Hillsman & Sons the sum of $15.00, conditioned that the said J. M. Tig-ner shall prosecute his said appeal to effect and shall pay off and satisfy the judgment which may be rendered against him on such appeal. Witness our hands, this 7th day of September, A. D. 1908. J. M. Tigner. H. A. Cline. Tom Brooks. Examined and approved this ——— day of September, A. D. 1908. ———————, Justice of the Peace of Precinct No. 1, Lee County, Texas." That on October 6, 1908, the county court of Lee county rendered a judgment in said cause in favor of the Hillsman against Tigner as principal and Cline and Brooks as sureties in the sum of $57.61, with interest. That said E. A. Sterling was not served with process in said cause, and was not disposed of either in said judgment nor in the judgment of the justice's court. That Tigner's plea of privilege was not disposed of by the county court, and no action was taken thereon, but that same was wholly ignored by the court. That the judgment of the county court ordered execution to be levied on the property of Tigner before levying on the property of the sureties, Tom Brooks and H. A. Cline. That on November 19, 1908, an alias execution was issued to Wharton county, and the sheriff of that county, Robert Koehl, levied same on and advertised for sale certain lots of the H. A. Cline addition to Wharton, but the notices of sale do not show upon their face that the officer had first attempted to levy upon property of Tigner. That, unless restrained, said officer will sell said property under said execution on the next sale day. That said justice's court and said county court were without jurisdiction over the person of Tigner; that the citation served on Tigner in Wharton county conferred no authority on said court to render any judgment against Tigner, which rendered the judgment void; that it does not appear from the face of the judgment or the execution that the facts existed which render the judgment void, but that such facts will have to be shown by extraneous evidence; that the amount involved is insufficient to authorize an appeal from the judgment of the county court, and plaintiffs have no adequate remedy at law; and that from the face of the record, independent of the testimony to be introduced herein on the trial hereof, said judgment and execution would convey a title to the purchaser at the sale, wherefore petitioners prayed for an injunction to restrain the sale, and that on final hearing it be perpetuated, and said judgment be declared void.

The writ was granted by the county judge of Wharton county, and the case docketed in that court and defendants cited. Defendant on April 5, 1909, demurred to the petition as insufficient, and as disclosing that the court had no jurisdiction over the subject-matter. On January 20, 1910, the court rendered judgment perpetuating the injunc-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tion, declaring the judgment of the county court of Lee county void as to Tigner for want of service, and the execution based thereon also void. From this decree J. C. Hillsman et al. have appealed.

[1] Appellants' first point is that the county court has no jurisdiction to grant injunctions in cases where the judgment sought to be enjoined is for less than $200, and that only the district court has jurisdiction in such cases. Appellant relies upon Arnold v. McNinch, 56 Tex. Civ. App. 555, 121 S. W. 905, but overlooks the fact that the present case involves a judgment of the county court, and not a judgment of a justice's court. The case of T. & P. Ry. Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671, was one involving an injunction with reference to a county court judgment, and the amount in controversy was for less than $100, and a doubt was there expressed as to whether the county or district court, or both concurrently, had jurisdiction to grant the injunction, but it was held that in any event, the judgment not appearing to be void, the writ was returnable to the county court, which rendered the judgment, for determination of the matter. On an application to the Supreme Court for a writ of error in that case, the application was dismissed, for the reason, and upon the distinct ruling, that the county court had jurisdiction, which disposes of appellants' proposition. 102 Tex. 322, 116 S. W. 360.

[2] Under the second assignment of error, the following proposition is advanced: "This being an action to enjoin the enforcement of a judgment of the county court of Lee county, Texas, under the provisions of article 2996, R. S. 1895, the writ should have been made returnable to the county court of Lee county, and the county court of Wharton county was without the power to render any judgment, and any judgment rendered by it in the matter is absolutely void." The writ of injunction should have been made returnable to the county court of Lee county, unless it was shown that the judgment of that court sought to be enjoined was void. This was held in Ketelsen & Degetau v. Pratt, 100 S. W. 1173.

[3] The fact that the justice's citation was insufficient or improperly served on Tigner amounts to nothing in view of the fact that he appeared and pleaded in that court.

[4] The fact that the notices of sale did not disclose that a levy on the property of Tigner, the principal, had been attempted also amounted to nothing. There is a matter alleged in the petition which is claimed to invalidate the judgment rendered in the county court, which is in these words: "That the plea of privilege filed by said plaintiff J. M. Tigner and duly verified by him as required by law, and from which he prosecuted his appeal to the county court of Lee county, Tex., was not disposed of by the said county court, and no action was taken thereon, but that same was wholly ignored by the court, and a judgment rendered therein against the defendant in said cause, J. M. Tigner alone as principal, and against the other plaintiffs herein, H. A. Cline and Tom Brooks, as sureties." It may be admitted that, if the said county court arbitrarily refused to hear and determine the plea of privilege, Tigner and his sureties, the defendants in the judgment, would be entitled to enjoin the judgment as void; they having no other remedy on account of the amount involved. An exhibit to plaintiff's petition sets forth the judgment of the county court of Lee county, wherein it appears that defendants failed to appear. It is not alleged in the petition that they appeared and presented the plea of privilege for adjudication.

[5] A party filing such a plea is required to substantiate its material allegations by proof. Houston Rice Milling Co. v. Swinney, 45 Tex. Civ. App. 303, 100 S. W. 204. It is not incumbent on the court to see that such proof is made, nor is it the duty of the adverse party to see to it. The failure to appear and present facts supporting it was an abandonment of it, and authorized the court to proceed with the trial.

[6] There is another matter alleged in the petition claimed to render the judgment void, which is that E. A. Sterling, the codefendant of Tigner, was not disposed of by either the judgment of the justice or that of the county court.

[7] It is well settled that where a party is sued, though not cited, and no disposition is made of him, the judgment is not final for the purposes of appeal. Stewart v. Lenoir, 31 Tex. Civ. App. 470, 72 S. W. 619; Rodrigues v. Trevino, 54 Tex. 198. If the above allegation be true, the judgment of the justice's court was not appealable, and the county court obtained no jurisdiction of the case on appeal. There being no statement of facts brought to us, it is not possible for us to say that the allegation was not proved on the trial.

[8] Although the court gave another reason for holding the judgment of the Lee county court void, we are not able to say the judgment so declaring was not supported by the evidence.

Hence we conclude the judgment should be affirmed.