MEYERS et al. v. HAMBRICK.     (No. 1304.)

(Court of Civil Appeals of Texas. Texarkana. April 16, 1914.)

1. COURTS (§ 480*) — STAY OF EXECUTION FROM ANOTHER COURT—JURISDICTION.

Under Rev. St. 1911, art. 4653, providing that injunctions granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where the judgment was rendered, the court rendering a judgment has, alone, jurisdiction to stay execution thereof unless it is void and its invalidity is apparent on the face of the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. § 480.*]

2. COURTS (§ 480*) — JURISDICTION — COUNTY COURT—STAY OF EXECUTION FROM ANOTHER COURT.

Where the petition, in an action in the county court to foreclose a chattel mortgage, alleged that the property mortgaged was of the value of $600 and the mortgage contained no recitation of value, a judgment of foreclosure was valid on the face of the record, and the county court alone was authorized to restrain execution on a showing that the property was worth an amount in excess of the jurisdiction of the county court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. § 480.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Suit by J. C. Hambrick against E. G. Mey-

ers, trustee, and others. From a judgment for plaintiff, defendants appeal. Reversed, and cause dismissed.

By a suit commenced in the county court at law of Dallas county, February 13, 1909, E. G. Meyers, as trustee for the A. G. Elliott Paper Company, sought a recovery against one R. E. Grabel on a promissory note for $33.33⅓, and against appellee Hambrick on certain promissory notes made by said Hambrick to said Grabel, held by said Meyers as trustee to secure the payment of said note for $33.33⅓. Meyers also sought as against Hambrick a foreclosure of a mortgage on certain personal property, alleged to be of the value of $600, made by Hambrick to secure his said notes to Grabel and assigned by the latter to Meyers as trustee. April 21, 1911, said county court at law rendered judgment in favor of said Meyers against Grabel for the amount then found by it to be due on said note for $33.33⅓, and in Meyers' favor against Hambrick for $195.50, the amount found to be due on the notes held by Meyers as collateral security for said note for $33.-33⅓. By the terms of the judgment the lien of the mortgage on said personal property was foreclosed. By a suit commenced in the district court of Dallas county June 24, 1911, resulting in the judgment from which this appeal is prosecuted, Hambrick sought and obtained an injunction restraining Meyers and one Brandenburg, sheriff of Dallas county, from "causing to be issued any executions upon or orders of sale upon said judgment (rendered by the county court at law as aforesaid), or in any wise undertaking to enforce said judgment of said county court at law."

Seay & Seay, of Dallas, for appellants. J. C. Muse and W. L. Crawford, both of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] It appears that the suit was to enjoin the enforcement of a judgment of the county court at law of Dallas county. It does not appear from the record before us that that judgment was void. Therefore, to give effect to article 4653 of the Revised Statutes of 1911, we must reverse the judgment appealed from, on the ground that the district court of Dallas county was without power to render it. The article of the statutes referred to, in part, is as follows: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered." With reference to this statute, the courts of this state have repeatedly held that no other court than the one that rendered it has power in the exercise of original, as distinguished from appellate, jurisdiction, to stay the execution of a judgment of a county or district court, unless such judg-

ment is void and its invalidity is apparent on the face of the record of the cause in which it was rendered. Seligson v. Collins, 64 Tex. 314; Bell v. York (Tex. Civ. App.) 43 S. W. 68; Adoue v. Wettermark, 22 Tex. Civ. App. 545, 55 S. W. 511; Smith v. Morgan, 28 Tex. Civ. App. 245, 67 S. W. 919; Ketelsen v. Pratt (Tex. Civ. App.) 100 S. W. 1172; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756; Ry. Co. v. Butler, 52 Tex. Civ. App. 327, 135 S. W. 1064; Hillsman v. Cline (Tex. Civ. App.) 145 S. W. 726. In his petition for the injunction Hambrick alleged that the county court was without power to render the judgment he sought relief against, because the property covered by the mortgage foreclosed by that judgment was of the value of $3,302.60. He further alleged that the fact that the property was of that value "was shown by the plaintiff's (Meyers') pleadings and mortgage on file in said cause." The allegations were not supported by any testimony we have been able to find in the record sent to this court. The allegation in the petition filed by Meyers in the county court was that the mortgaged property was of the value of $600. In the mortgage copied in the record there is no recitation as to the value of the property it covered. For aught we have been able to discover to the contrary, the judgment rendered by the county court, on the face of the record of the cause in which it was rendered, was a valid one. Poulter v. Bank (Tex. Civ. App.) 146 S. W. 561; Manire v. Wilkinson (Tex. Civ. App.) 136 S. W. 1152. If it was, then said county court alone was authorized to grant the relief Hambrick sought.

The judgment will be reversed, and the cause dismissed.