THALLMAN v. BUCKHOLTS STATE
BANK et al. (No. 5560.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1915. Rehearing Denied Jan. 19, 1916.)

1. COURTS ☞480—CONCURRENT JURISDICTION—ENJOINING PROCEEDINGS.

Under Rev. St. art. 4653, declaring that writs of injunction issued to stay proceedings in a suit shall be returnable to and tried in the court where such suit is pending, a writ of injunction by a district court to restrain a sale under an order of the district court of another county, should be returnable to the district court ordering the sale.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. ☞480.]

2. COURTS ☞485—TRANSFER OF CAUSES.

Where a writ of injunction, issued to restrain sale under order made in a suit in a different county, was returned to the court issuing it, such court has no jurisdiction and cannot transfer the cause to the county wherein the suit was pending.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1292–1298; Dec. Dig. ☞485.]

Appeal from District Court, Bandera County; R. H. Burney, Judge.

Application by O. Thallman against the Buckholts State Bank and others for a writ of injunction against order of sale. From an order transferring the cause to another county, petitioner appeals. Reversed, and cause dismissed.

J. A. Eames, of Bandera, and George Powell, of San Antonio, for appellant. Morrison & Lewis, of Cameron, for appellees.

FLY, C. J. Appellant applied for a writ of injunction to the district court of Bandera county to restrain the sale of certain cattle under an order of sale issued out of the district court of Milam county in a case wherein the Buckholts State Bank was plaintiff and I. B. Williams defendant, and wherein the said bank obtained a judgment foreclosing a mortgage on said cattle and providing for the issuance of the order of sale under which the cattle were taken into possession by the sheriff of Bandera county. Appellant claimed the cattle under a prior mortgage executed to him by I. B. Williams. The cattle were seized in Bandera county. The court granted a writ of injunction restraining the sale, but did not make the writ returnable to the district court of Milam county, but made it returnable to Bandera county, and entertained demurrers to the petition, and upon sustaining them entered an order that the cause be transferred to the district court of Milam county where the judgment was rendered and the order of sale issued.

[1] The district court should not have entertained jurisdiction over the writ of injunction, but upon its being granted should have made it returnable to the court from which the order of sale was issued. Rev. Stats. art. 4653; Broocks v. Lee, 50 Tex. Civ. App. 604, 110 S. W. 756; Brown v. Fleming, 178 S. W. 964. In the last-named case it is said:

"The order of sale in this case commanded the sheriff to sell the specific property in controversy; therefore the effect of the injunction was to suspend the operation of such process, and such proceeding not only stayed and suspended the process, but questioned its validity and regularity as well."

The same can be said as to this case and the statute commands that:

"Writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered."

That clause of the statute has from the first organization of the Supreme Court of Texas been held to be imperative. Hendrick v. Cannon, 2 Tex. 259; Winnie v. Grayson, 3 Tex. 429.

The writ of injunction was not, as required by law, made returnable to Milam county, but it was made returnable to Bandera county, the district court of which had no jurisdiction to try the matter. Smith v. Morgan, 28 Tex. Civ. App. 245, 67 S. W. 919; Godfrey v. Lackey, 129 S. W. 1145. In the case of Hendrick v. Cannon, herein cited, the court

held that cases in the same condition as the present one should be dismissed, and that case was approved in the case of Seligson v. Collins, 64 Tex. 315. In the last case the court, in discussing a writ of injunction to restrain a sale under an order of sale of specific property, said:

"Here the proceeding by injunction not only stayed or suspended the process, but also questioned its validity and regularity. In such case the statute is imperative—the writ of injunction must be returned to the court from which the order of sale issued. * * * Undoubtedly the district court of Coryell county had no jurisdiction, and erred in overruling the appellant's exceptions."

The district court of Coryell county had entertained jurisdiction over a writ of injunction issued by it against an order of sale issued out of the district court of Galveston county, and the Supreme Court reversed the judgment and dismissed the cause. To the same effect is the case of Aultman v. Higbee, 32 Tex. Civ. App. 502, 74 S. W. 955.

[2] The writ of injunction not being returnable to Milam county, the district court had no authority to transfer the cause to Milam county after the writ had been returned to Bandera county. The trial judge had no authority to make any order in connection with the matter after having granted the writ of injunction. There is no statute permitting or authorizing the transfer of a cause from one district court to another because the first had no jurisdiction. Every order issued by the district judge after the writ of injunction was granted was null and void.

The judgment is reversed, and the cause dismissed.