## MURPH et al. v. BASS et al. (No. 9415.)

(Court of Civil Appeals of Texas. Dallas. Oct. 17, 1925.)

**1. Courts ⟷480(3)—That allegations of petition affirmatively disclosing judgment against which injunctive relief was sought was absolutely void held only ground for conferring jurisdiction in court not rendering such judgment.**

Jurisdiction of district court of a cause for injunctive relief against a judgment rendered by the county court depended exclusively upon allegations affirmatively disclosing that the judgment sought to be enjoined was absolutely void, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1830, subd. 17, 4643, subd. 3, and 4653.

**2. Courts ⟷480(3)—District court to which was presented petition for injunctive relief against county court judgment not void on its face had jurisdiction only to dismiss cause from docket.**

Where asserted invalidity of judgment of county court against which injunctive relief was sought in district court was not apparent on its face, judge of district court was authorized only to act on petition to grant a temporary writ of injunction making same by his order returnable to county court, and, if petition had not theretofore been filed in that court, should have so directed its filing, and provided that, on filing of such petition and bond as required by his order, the clerk of that court would issue the writ of injunction in the terms granted. Hence the order of the district court dissolving the temporary writ of injunction was void; the court not having any power to enter any order in the cause except to dismiss the petition from the docket of the trial court.

Appeal from District Court, Dallas County; Towne Young, Judge.

Injunction suit by D. H. Murph and another against W. A. Bass and another. From an adverse judgment, plaintiffs appeal. Reversed, and cause dismissed.

R. T. Meador, J. D. Kugle, and Wm. M. Cramer, all of Dallas, for appellants.

Baskett & De Lee, of Dallas, for appellees.

VAUGHAN, J. Appellants, D. H. Murph and E. J. Callahan, instituted this suit in the trial court August 13, 1923, to enjoin appellees, W. A. Bass and Murray Fisher, constable of precinct No. 1, Dallas county, Tex., from making a levy under a certain execution issued upon an alleged void judgment rendered by the honorable county court of Hill county, Tex., on the 7th day of April, 1919, in cause No. 3723, wherein the Union Central Light & Power Company, a corporation, was plaintiff and appellants were defendants. The injunction was sought on the ground that the judgment in the county court of Hill county was void; said petition in that respect alleging "that said judgment above referred to, upon which said execution was issued, is absolutely void, in this, that the plaintiff in said judgment is alleged to be a corporation, and, as a matter of fact, there was no such corporation in existence in the state of Texas at the time said judgment was rendered or at the time of the filing of the suit in which said judgment was rendered; that, there being no such corporation in existence at said time, said suit brought in the name of such a corporation which did not exist, there was no plaintiff over which the court had jurisdiction, and the same is absolutely void." On the the petition for the writ being presented to the judge of the trial court an order was entered granting a temporary writ of injunction enjoining and restraining the levy of the execution issued upon the judgment rendered by the county court of Hill county; the clerk of the district court of Dallas county being instructed to issue said temporary writ of injunction in the terms of the order granting same upon said petition being duly filed in the trial court and the execution of bond in the amount stated in said order, said writ being made returnable to the trial court.

Appellees' answer, in addition to other pleas, included general exception, general denial, and a plea to the jurisdiction as follows:

"That this is a suit to set aside the judgment of the county court of Hill county, Tex., and to enjoin its execution, alleging that said judgment is void, that said judgment is regular on its face, and the defects charged, if they constitute any defects whatever, are matters outside the record and must be established, if at all, by testimony dehors the record; that therefore this court has no jurisdiction thereof, but the jurisdiction thereof lies in the court rendering said judgment, to wit, the county court of Hill county."

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] On the 30th day of June, 1924, this cause was heard on its merits, resulting in a judgment dissolving the temporary writ of injunction theretofore granted and otherwise denying to appellants the injunctive relief sought against appellees, the rendition of which judgment is questioned on this appeal by appropriate assignments of error. The jurisdiction of the trial court to hear and determine the cause for injunctive relief as made by appellants' petition depended upon said petition disclosing affirmatively by appropriate allegations that the judgment sought to be enjoined was absolutely void. T. & P. R. Co. v. J. E. Butler, 52 Tex. Civ. App. 327, 135 S. W. 1064; Wheeler v. Powell et al. (Tex. Civ. App.) 114 S. W. 689. In all other cases it is imperative under subdivision 3 of article 4643 and article 4653, V. S. T. C. S. 1914, providing for the issuance of writs of injunction, and article 1830, subdivision 17, Id., relating to venue in injunction suits, that "writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered." Hendrick v. Cannon, 2 Tex. 259; Winnie v. Grayson, 3 Tex. 429; Cook v. Baldridge, 39 Tex. 250; Hillsman v. Cline (Tex. Civ. App.) 145 S. W. 726; Smith v. Morgan et al., 28 Tex. Civ. App. 245, 67 S. W. 919; Thallman v. Buckholts State Bank (Tex. Civ. App.) 181 S. W. 791.

[2] The strength of appellants' case to sustain jurisdiction of the trial court must be tested and determined by the allegations contained in the petition for the injunction. Thus tested, it is apparent that same is barren of a single allegation other than a conclusion of the pleader pointing to a single recital upon the face of the judgment or that which appears affirmatively from the record that the judgment sought to be enjoined is void, but, to the contrary, the allegations in this respect are with reference to facts, the proof of the existence of which depends upon evidence dehors the record. In other words, the asserted invalidity of the judgment depends upon the proof of facts not revealed by the face of the judgment or apparent upon the record. Kern v. Freeze, 96 Tex. 513, 74 S. W. 303; Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 393, section 7 of opinion, and authorities therein cited.

The judgment sought to be enjoined not affirmatively appearing to be void from the allegations contained in appellants' petition, the judge of the trial court was only authorized in acting upon said petition to grant the temporary writ of injunction making same by his order returnable to the county court of Hill county, Tex., and, if the petition had not theretofore been filed in that court, should have so directed the filing of said petition, and provided that, on the filing of said petition and bond as required by his order, the clerk of that court would issue the writ of injunction in terms granted. As the trial court did not have jurisdiction to hear and determine this cause, the order entered dissolving the temporary writ of injunction is void, as the judge of the trial court did not have the power to enter any other order in the case than to dismiss same from the docket of the trial court, as the filing of said cause in and the return of said writ of injunction to the trial court was as before a court without jurisdiction. Godfrey v. Lackey, 61 Tex. Civ. App. 44, 129 S. W. 1145; T. & P. R. Co. v. Butler, 52 Tex. Civ. App. 327, 135 S. W. 1064; Hillsman v. Cline, supra.

The trial court, being without jurisdiction of the cause, did not have the authority to transfer the cause to the county court of Hill county, the court which alone, under the record, had jurisdiction of same. Thallman v. Buckholts State Bank, supra. It is therefore ordered that the judgment of said court be and the same is hereby reversed, and the cause dismissed from the docket of said court.

Reversed and dismissed.