## W. M. COOK v. J. W. BALDRIDGE & CO.

1. An injunction restraining a judgment of the District Court must be returnable to and tried by the District Court where the suit is pending or the judgment was rendered.
2. In general, an injunction cannot be allowed after twelve months from the rendition of the judgment sought to be enjoined, nor upon grounds which could have been interposed as a defense.
3. (On rehearing.) The statutory rule as to venue in injunction suits is plain and peremptory.

APPEAL from Calhoun. Tried below before the Hon Wesley Ogden.

Baldridge *et al.* sued Cook, in Calhoun county, on February 29, 1858. They prayed for and obtained an injunction to a judgment renderd in favor of Cook and against Baldridge, Sparks & Co., in Matagorda county, on April 22, 1858, "in the absence of the attorneys of Baldridge, Sparks & Co., and of themselves," for $4533.31, with interest and costs.

The petition shows that Baldridge, Sparks & Co. had previously obtained an injunction, by a suit for that purpose, in Matagorda county, which had been dissolved, and that a second judgment had been rendered in favor of Cook, in that county, on April 23, 1859, from which a writ of error was taken, and which was affirmed with damages and costs, the mandate bearing date April 3, 1864.

Cook, in the third suit—that in Calhoun county—demurred and answered. In his answer he asked a dismissal.

He also moved to dissolve, etc.

His motion was overruled.

Baldridge *et al.* filed amended petitions on August 2 and 5, 1859.

A verdict and judgment went against Cook on the day following.

His motion in arrest, etc., was overruled.

He thereupon perfected his appeal.

The first error assigned is, that the court below erred in refusing to dissolve and dismiss.

*Wm. Alexander*, for appellant.—A district judge can only grant an injunction to stay execution "within one year after judgment is obtained." (Pasch. Dig., Art. 3931, and Note 924; Doss v. Miller, 6 Texas, 340.)

Another statute provides that injunctions "to stay proceedings in a suit, or execution on a judgment, shall be returnable and tried in the District Court of the county where the suit is pending or the judgment is rendered." (Pasch. Dig., Art. 3932; Hendrick v. Cannon, 2 Texas, 259; Winnie v. Grayson, 3 Texas, 429.)

No jurisdiction exists to try an injunction case in the District Court of any other county than that in which the judgment enjoined was rendered.

Cook's demurrer and motion should have been sustained *a fortiori*, because Baldridge *et al.* sought, by an injunction suit filed in Calhoun county on February 29, 1868, to enjoin two judgments rendered in Matagorda county, to-wit, one rendered on April 22, 1858 (nearly ten years before), and another rendered on April 23, 1859, as well as a judgment of affirmance by the Supreme Court of March 30, 1864. (27 Texas, 565.)

As Baldridge, Sparks & Co. set up, or might have set up, in the two suits in Matagorda county every matter of defense they asserted in their suit in Calhoun county, the judgments against them (the last of which was affirmed), are *res judicata*. (Tooke v. Bonds, 29 Texas, 419; Bryan v. Bridge, 10 Texas, 149; Hatch v. Garza, 22 Texas, 176; Mitchell v. Meuley, 32 Texas, 464, which cites 27 Texas, 250, 491; also, 18 Texas, 753; 4 Texas, 101, 387; 1 Texas, 250; Dallam, 519. See particularly 21 Texas, 653, which cites 1. J. J. Marsh., 470.)

*F. S. Stockdale,* for appellees.

WALKER, J.—There was error in overruling the demurrer and motion of the appellant in the District Court. A district judge can only grant an injunction to stay an execution within one year after judgment has been obtained. (Doss v. Miller, 6 Texas, 340.) Article 3932, Paschal's Digest, provides that injunctions to stay proceedings in a suit, or execution on a judgment, shall be returnable and tried in the District Court of the county where suit is pending or judgment rendered. Baldridge *et al.* sought by an injunction sued out in Calhoun county, on the twenty-ninth of February, 1868, to enjoin two judgments rendered in Matagorda county, one in 1858 and the other in 1859, as well as a judgment of the Supreme Court, affirmed March 30, 1864. We do not think the injunction should have been granted, even if prayed for in the proper county. Baldridge, Sparks & Co. had neglected to set up the same matters of defense when the suits were pending against them in the District Court which they relied on for their injunction; and in this case, at least, the District Court had no power to enjoin a judgment of the Supreme Court.

The facts in this case are somewhat peculiar. Baldridge *et al.* sued Cook in Calhoun county, in February, 1858. They prayed for and obtained an injunction against a judgment which Cook had obtained against Baldridge, Sparks & Co., in Matagorda county, in April, 1858. The petition shows that they had previously enjoined the same judgment in Matagorda county, which had been dissolved, and a second judgment rendered against them in 1859. The case was taken by writ of error to the Supreme Court, and affirmed, with damages. (27 Texas, 565.)

The judgment of the District Court must be reversed and the cause dismissed.

REVERSED AND DISMISSED.

*F. S. Stockdale*, for plaintiff in error, filed an elaborate brief on motion for rehearing. Its length and the fact that the decision upon rehearing is based upon the statute, prevents its insertion.

McADOO, J.—We can see no reason to change our former opinion in this case. The injunction was not sued out in proper time, and not in the proper county. On this subject the statutory provision is plain and peremptory.

The motion for a rehearing is overruled.

OVERRULED.