TEXAS & PACIFIC RAILWAY COMPANY V. J. E. BUTLER.

Decided November 14, 1908.

**Injunction—Void Judgment—Jurisdiction—Jury—Oath.**

An injunction granted by a judge of the District Court against the enforcement of a judgment of the County Court, on the ground that the jury on whose verdict the judgment was rendered had not been sworn, was dissolved by the District Judge in chambers. On appeal from this order it is held:

(1)   That the injunction was returnable and to be tried in the County Court, even if the District Court had authority to grant it.

(2)   That the order dissolving it was beyond the jurisdiction of the District Judge.

(3)   That appeal lay from such order, as from a case of exercise of original jurisdiction of the District Court, though it acted without jurisdiction and though the amount involved in the County Court judgment was insufficient to give a right of appeal.

(4)   That the County Court judgment was not void because of the failure to swear the jury, though such fact appeared on the face of the judgment; having a right to waive a jury, a party waives objections to its qualifications not reserved by exception.

(5)   That appellee was properly taxed with costs of the appeal from the interlocutory order.

Appeal from the District Court of Eastland County.   Tried below before Hon. J. H. Calhoun.

*Earl Conner,* for appellant.—The statute authorizes the dissolution of an injunction already granted only after answer duly filed and duly verified, and the court having granted appellant, in vacation, a temporary restraining order directing all parties to appear before him at Eastland, Texas, on a certain day, and after such appearance, on his own motion, without exceptions or answer filed by appellee, having dismissed appellant's suit in vacation, after dissolving the injunction, thereby committed reversible error.   Rev. Stats., arts. 3006, 3007; Love v. Powell, 67 Texas, 15; Washington Co. v. Schulz, 63 Texas, 32; Pullen v. Baker, 41 Texas, 419; Wagner v. Edmiston, 1 Texas App. C. C., sec. 678; Price v. Bland, 44 Texas, 145; Aiken v. Carroll, 37 Texas, 73.

It affirmatively appearing from the face of the judgment sought to be enjoined that the jury which tried the cause were not sworn as required by the statute to try said cause, and the application for a writ of injunction being in all things sufficient, and no exceptions or answer of any kind having been filed, presented or urged by any of the respondents in this cause, and a valid injunction bond having been duly filed and approved as required by the order of the court, it was error for the trial court, in vacation, to dissolve the temporary restraining order or injunction and adjudge costs against appellant.   Same authorities; also Rev. Stats., arts. 51, 3225-3227; Anderson v. The City of Ft. Worth, 83 Texas, 107; Koch v. Bridges, 45 Miss., 247; Briggs v. Georgia, 15 Vt., 72; Hoyt v. East Saginaw, 19 Mich. 39.

*Stubblefield & Patterson,* for appellee.—That the restraining order, made by Judge Calhoun, was not an order granting an injunction.

Rev. Stats., art. 2994; Riggins v. Thompson, 71 S. W., 14; Ft. Worth St. Ry. Co. v. Rosedale St. Ry. Co., 68 Texas, 163.

That an appeal does not lie from an order refusing to grant a writ of injunction. Sec. 2, Act of Thirtieth Legislature, 1907, p. 207; Baumberger v. Allen, 101 Texas, 352; Walstein v. Nicholson, 47 Texas Civ. App., 358.

The District Court of Eastland County did not have jurisdiction to hear and determine an injunction case, in this cause, because the original case of J. E. Butler v. Texas & Pacific Ry. Co. was tried and determined in the County Court of Eastland County, and if a writ of injunction was granted the same should have been made returnable to the County Court of Eastland County, Texas. Sayles' Stats., art. 2996; Smith v. Morgan, 67 S. W., 919; Ellis v. Harrison, 57 S. W., 984; Bell v. York, 43 S. W., 68; Adoue v. Wettermark, 55 S. W., 511.

The failure to swear the jury to try a cause in a civil case does not render void a judgment of the court predicated upon the verdict of the unsworn jury. Burns v. Mathews, 46 S. W., 80; Clements v. Crawford, 42 Texas, 604; McConnell & Bourland v. Ryan, 1 White & W. C. C., sec. 1020; 24 Cyc., p. 370; Newcomb v. Wood, 97 U. S., p. 581; Cochran v. Bartle, 3 S. W., 856.

CONNER, CHIEF JUSTICE.—This is an appeal from an order of the judge of the Forty-second Judicial District in vacation, dissolving a temporary injunction theretofore granted by him, restraining the execution of a judgment of the County Court of Eastland County on appeal from a Justice Court, in appellee's favor for the sum of eighty-five dollars. The original amount in controversy was less than one hundred dollars, appellee's claim being for damages in a sum less than that amount, occasioned by reason of appellant's negligence in permitting the escape of fire and sparks from its engines, which caused the burning of appellee's grass.

The ground upon which the district judge granted the temporary writ of injunction was that the jury which tried the case in the County Court had not been sworn, this fact not having been discovered by appellant until after the return of the verdict.

Appellee moves to dismiss the appeal on the ground that the writ of injunction should have been made returnable to the County Court in accordance with the terms of Revised Statutes, article 2996, which declares that "writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered," etc. Under article 5, section 16 of the Constitution, the power to grant writs of injunction in cases where its jurisdiction alone is involved is vested in the County Court or judge thereof, to the exclusion of the District Court or judge thereof. See Dean v. State ex rel. Bailey, 88 Texas, 290; Lazarus v. Swafford, 15 Texas Civ. App., 367; Foust v. Warren, 72 S. W., 404. But if the district judge had power in the first instance, as appellant contends, to order the issuance of the temporary writ of injunction, it seems clear under the statute quoted that it should have been returned to and heard by the County Court. Appellant seems to concede this to be true, save that it is insisted that the judgment of the

County Court entered upon the verdict of the unsworn jury is an absolute nullity, and that therefore the district judge alone was empowered to enjoin its execution. If it be conceded that the District Court may enjoin a void judgment of the County Court as insisted, but which we do not find it necessary to decide, we are unable to agree with appellant's construction of the County Court's judgment. It was said by our Supreme Court in the case of Clements v. Crawford, 42 Texas, 604, that it is too late after verdict and judgment to object to the formality of the oath administered to the jury, and in Burns v. Mathews, 46 S. W., 79, the Court of Civil Appeals for the Fourth District refused to support a motion for a new trial on the ground that one or more of the jurymen who tried the case was not sworn, it being stated that it was the duty of counsel to be on the alert and see that the jury was properly sworn.

Appellant has cited us to no case holding that a judgment based upon the verdict of an unsworn jury is a nullity, nor have we found any such decision. Under our law a trial by jury may be waived, and we think the failure of the county judge constituted an irregularity only, and not a ground for holding the judgment thereafter entered up an absolute nullity.

We conclude that the failure of the County Court to swear the jury, as required by the statute, did not oust its jurisdiction to enter the judgment, and that the order of the district judge dissolving the temporary writ of injunction should be vacated, and it is so ordered. The motion to dismiss the appeal, however, will be overruled on the ground that our jurisdiction extends to all appeals from the District Court. See Acts of 1907, 206; Whitener v. Belknap, 89 Texas, 273.

### ON MOTION FOR REHEARING.

Both appellant and appellees have presented motions for rehearing, and inasmuch as the parties seem to be confused as to the effect of the order made by us on original hearing, it will perhaps not be amiss, as mere matter of explanation to them, to point out again the fact that the appeal herein was only from an order of the district judge in vacation, and not from a judgment of the District Court. The legal effect of our opinion, as we conceive it to be, was that if it be conceded that the district judge had power to order the issuance of the writ in the first instance, but which we did not undertake to decide, the order was returnable to the County Court and not to the District Court, and that hence the District Court was thereafter without jurisdiction to pass upon the legal sufficiency of the petition, as he did, nor did we undertake to determine the question of the legal sufficiency of the petition for injunction. To have done so would have been to assume original jurisdiction, whereas under the Constitution and laws our jurisdiction is appellate. It was the function of the County Court, and not of this court, upon the writ being made returnable to it, as provided in the statute quoted in the original opinion, to first determine the legal sufficiency of the petition.

Appellees complain at the imposition of the costs of the appeal, but as to this we conceive that we are not authorized to disregard the statute on the subject. While appellant wrongfully procured the filing of

the petition in the District Court, and the issuance therefrom of the writ of injunction, the record also manifests that both appellant and appellees appeared before the district judge in chambers in contest of the sufficiency of the petition, and that appellant duly appealed from the order made, which we have declared he was without jurisdiction to make. To that extent appellant prosecuted its appeal with effect, and hence, of course, was entitled to the costs of the appeal under the statute. No motion was made by appellees before the district judge to dismiss the proceedings, and no contest of the court's jurisdiction appears to have been made, either there or in this court, and if the petition for injunction remain on file for hearing in term time upon the merits in the usual course of such proceedings, we can not assume that the court on final hearing will not tax the costs of said illegal proceedings against appellant. Its orders in this and in all other respects would be reviewable by us only upon appeal from the judgment of the court in the main case.

In this case the judgment of the County Court recited the fact that the jury was unsworn, and the record further shows that appellant presented its motion for new trial, which was overruled, setting this up as one of its grounds, and appellant contends with apparent force that under the Constitution it was entitled to the trial by jury, citing definitions to show that a "jury" is constituted by a selected body of qualified jurors "duly sworn." While the right of a trial by jury is undoubtedly guaranteed by our Constitution, it may as undoubtedly be waived, and while the law devolves the duty upon the County Court of administering an oath to a jury that is impaneled, it may nevertheless be well said that it is the duty of counsel interested in the case to observe the court's proceedings, and in event of a failure to perform the statutory duty, to at once save the point by exception taken, or otherwise it will be deemed waived. But if this be not required, as appellant insists, nevertheless the County Court undoubtedly had jurisdiction of the parties and of the case, and notwithstanding the court may have refused the motion for new trial, and notwithstanding no appeal was available in that proceeding, nevertheless the county judge under the amended Constitution, as may be seen from authorities quoted in the original opinion, had jurisdiction to entertain a petition for injunction, and from his order granting the writ or dissolving it after it had been granted an appeal would lie to this court, such orders being within the original jurisdiction of the County Court, as to which under the statute we are given appellate jurisdiction, irrespective of the amount involved. Or if we are allowed to assume that the county judge would refuse to grant a writ of injunction, from which no appeal could be taken, we could only say that it was for the Legislature and not the courts to provide a remedy for the resulting wrong.

. We conclude that both motions should be overruled.