BAKER v. CROSBYTON SOUTHPLAINS R. CO.†

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1912. Rehearing Denied March 29, 1912.)

1. COURTS (§ 480*)—JURISDICTION — INJUNCTION AGAINST EXECUTION—STATUTES.

Under Const. art. 5, §§ 8, 16, relating to the jurisdiction of the county and district courts in the issuance of executions, and Sayles' Ann. Civ. St. 1897, arts. 2989, 2996, providing that injunction to stay execution should be returnable to and tried in the court where such writ is pending, or such judgment rendered, and in other cases in the district or county court of the county of domicile, according to the amount in controversy, a district judge might, where the equities warranted, enjoin execution of a judgment of the county court, though he could not finally dispose of the injunction proceeding, which should be finally disposed of in the county court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. § 480.*]

2. EXECUTION (§ 172*)—INJUNCTION—PLEADING.

A petition by a railroad company, alleging that a judgment in the county court in proceedings to condemn land, subject to a vendor's lien, evidenced by notes, required a certain sum to be retained in the registry to satisfy the lien, that the company had paid the owner a certain sum on the judgment, and that there was not sufficient granted in the judgment to pay said note, and that the lienor had brought suit on the notes and attorney's fees were due, and that the owner had sued out execution against the petitioner for an amount greater than he was entitled to, and that the petitioner tendered the balance due on said judgment, stated grounds for injunction.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

3. APPEAL AND ERROR (§ 837*)—RECORD—CERTIFICATES BY CLERK.

The court on appeal in an injunction proceeding has no power to look to certificates of the clerks of the county and district courts, made part of the transcript, but which were not before the court below when the order for injunction was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3278; Dec. Dig. § 837.*]

4. EXECUTION (§ 172*)—PRODUCTION OR OFFER OF MONEY.

An allegation in a petition for injunction that the petitioner now tenders into court the balance of amount due on a judgment, and asks that, on satisfaction thereof, it be paid to defendant, or whoever is entitled to it, sustained an order for injunction, without actually showing that the money had been paid into the court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Bill by the Crosbyton Southplains Railroad Company against J. A. Baker. From a decree for plaintiff, defendant appeals. Affirmed.

R. A. Sowder, of Lubbock, and Cooper, Merrill & Lumpkin, of Amarillo, for appellant. W. D. Benson, of Lubbock, for appellee.

GRAHAM, C. J. This appeal is before us from an order for injunction, granted in vacation by the district judge of Lubbock county, without the introduction of evidence and on relator's petition, without notice or a hearing, other than a consideration of the contents of the petition, which is as follows:

"In District Court of Lubbock county, Texas. Crosbyton Southplains Railroad Company v. J. A. Baker. To the Honorable W. R. Spencer, Judge of said Court: Now comes your petitioner, the Crosbyton Southplains Railroad Company, a corporation duly incorporated under the laws of the state of Texas, with an office and place of business in Lubbock county, Texas, with its principal office and place of business in Crosbyton, Crosby county, Texas.

"Plaintiff is operating a railroad from Crosbyton, in Crosby county, Texas, to the town of Lubbock, in Lubbock county, Texas;

that plaintiff is complaining of J. A. Baker and W. H. Flynn, sheriff of Lubbock county, Texas, defendants, who reside in Lubbock county, and plaintiff respectfully represents to the court that heretofore, to wit, on the 7th day of January, A. D. 1911, plaintiff filed with John R. McGee, county judge of Lubbock county, Texas, a petition in condemnation to condemn part of lots 6, 7, 8, 9, 10, 11, and 12, in block 33, of the Overton addition to the town of Lubbock, in Lubbock county, Texas, for right of way purposes; that in said application they alleged that it was necessary to have the title and possession of said property for right of way purposes, and made J. A. Baker defendant, and further alleged that there was a vendor's lien note against said property for the sum of $900, executed by J. A. Baker to E. P. Watts, and prayed that a sufficient amount be held in the registry of the court to pay said note; that thereafter there was a judgment rendered by the commissioners appointed by the county judge of Lubbock county, Texas, to assess said damages, which award was for the sum of $1,250; that the defendant J. A. Baker filed his motion of dissatisfaction, and the same was appealed to the county court, and that on April 21, 1911, there was a judgment rendered in the county court, awarding to the defendant J. A. Baker the sum of $1,750 as his damages; that said judgment also provided that the sum of $973.60 should be retained in the registry of the court to pay off and satisfy the note held by E. P. Watts, which was secured by a vendor's lien upon the property sought to be condemned; that thereafter, on or about the 18th day of May, A. D. 1911, E. P. Watts brought suit against J. A. Baker upon said vendor's lien note, seeking to foreclose the lien on the same, declaring for attorney's fees and interest upon said note, as is shown by plaintiff's original petition in said cause No. 561; that this defendant, J. A. Baker, who was the defendant in said cause No. 561, E. P. Watts v. J. A. Baker, filed in the district court of Lubbock county, Texas, upon the 13th day of November, 1911, his first amended original petition in said cause No. 561, wherein he alleged that said note sued on in said cause by plaintiff was not due, and that the same should be carried, and suit should not be brought thereon and attorney's fees should not be declared thereon; that the defendant J. A. Baker should have reasonable time in which to pay the same, and further alleged that there was a defect of parties in said cause, and prayed the court that the Crosbyton Southplains Railroad Company should be made parties defendant in said cause, and that during the November term of the district court of Lubbock county, Texas, the defendant J. A. Baker had said cause No. 561 continued to make plaintiffs in this cause parties defendant.

"Your petitioner would further show to the court that there was not sufficient amount granted in said judgment in county court on the 21st day of April, 1911, in cause No. 165, Crosbyton Southplains Railroad Company v. J. A. Baker, to pay said note, interest, and attorney's fees; that at the time said judgment was rendered on the 21st day of April, 1911, said note was in the hands of an attorney for collection, and that the attorney's fees were due thereon; that the said E. P. Watts has a lien upon said property securing the payment of said note, and is entitled to the full amount of his debt, interest, attorney's fees, and cost of suit in said cause No. 561, and holds the superior title to said property; that the defendant J. A. Baker caused to be issued by the county clerk of Lubbock county, Texas, an execution in said cause No. 165, Crosbyton Southplains Railroad Company v. J. A. Baker, which execution was issued on the 22d day of December, 1911, praying that the sheriff of Lubbock county, Texas, make out of this applicant the sum of $167.25, and has placed the same in the hands of W. H. Flynn, sheriff of Lubbock county, Texas, and is demanding the levy of same on the property of plaintiff. That plaintiff has paid to said defendant J. A. Baker upon said judgment the sum of $654.52, leaving a balance due of about enough to pay off and satisfy said note and suit of E. P. Watts v. J. A. Baker, being cause No. 561 in the district court of Lubbock county, Texas. That the sheriff of Lubbock county is threatening to levy said execution upon the rolling stock of this plaintiff, at the instance and request and instigation of the defendant J. A. Baker and his attorney of record, R. A. Sowder, and that, unless a writ of injunction is issued herein, the sheriff of Lubbock county will levy said execution upon the rolling stock of this petitioner, which will be an irreparable damage.

"Your petitioner now tenders into court the sum of $1,095.48, being the balance of said award and judgment in county court in cause No. 165, Crosbyton Southplains Railroad Company v. J. A. Baker, and prays the court that the defendant J. A. Baker be required to procure, or cause to be procured, a satisfaction of said E. P. Watts note, or suit pending thereon, with a release of vendor's lien or superior title, before your petitioner be required to pay any amount upon said judgment; and upon a delivery of said release and satisfaction of said suit your petitioner asks that said sum of $1,095.48 be paid over to the defendant J. A. Baker, or whomsoever is entitled to receive the same.

"Your petitioner would further show that said cause No. 561 is still pending in said court, said cause being for the purchase money of the property sought to be condemned, and that was condemned in cause No. 165 on the 21st day of April, 1911; and that,

in the event your petitioner should be required to pay the amount called for in said execution, to wit, $167.25, together with cost of said suit, in order to obtain title to said property, your petitioner would be compelled to pay more than the amount of said judgment rendered in said cause No. 165, to wit, the sum of $1,750.

"Wherefore, premises considered, plaintiff prays your honor to issue writ of injunction restraining the said defendants J. A. Baker and W. H. Flynn, sheriff of Lubbock county, Texas, from levying said writ of execution, or having another execution issued therein, or demanding the payment of any amount, until they procure a release of the lien held by E. P. Watts and a satisfaction of said cause No. 561, E. P. Watts v. J. A. Baker, now pending in the district court of Lubbock county, Texas, or further acting herein in any manner until said cause No. 561 is fully settled and satisfied. W. D. Benson, Attorney for Crosbyton Southplains Ry. Co.

"State of Texas, County of Lubbock.

"I solemnly swear that I am attorney for plaintiff in the above cause, and that the matters stated in the foregoing petition are true. W. D. Benson.

"Sworn to and subscribed before me this 30th day of December, A. D. 1911. R. T. Penney, Notary Public, Lubbock county, Texas. [Seal.]

"In Chambers this 30th day of December, A. D. 1911. State of Texas, County of Lubbock. The foregoing petition for injunction being considered, it is ordered that the clerk of the district court of Lubbock county, Texas, issue a writ of injunction in all things as prayed for in the within petition upon the petitioner executing to the adverse party a bond with two or more sufficient sureties in the sum of $2,000, conditioned as the law requires. W. R. Spencer, Judge of the District Court of Lubbock County, Texas."

The transcript shows that the bond for injunction was executed for the sum and conditioned as required in the order of the judge, and was approved and filed in the district court of Lubbock county on December 30, 1911, and that the writ of injunction prayed for was issued on January 1, 1912, and served by a proper officer on January 5, 1912, and that the original writ, with the officer's return indorsed thereon, was filed in the office of the clerk of the district court of Lubbock county on January 6, 1912.

The transcript also shows that appellant perfected an appeal from the order granting the injunction by filing an appeal bond with the clerk of the district court of Lubbock county, and procuring same to be approved by him of January 11, 1912, and that said transcript was filed in this court on January 13, 1912.

Appellant, in his brief, as well as in his oral argument before this court, insists (1) that this cause should be reversed and dismissed, for the reason that the district judge had not the power lawfully to make the order for injunction, in that the petition for injunction shows on its face that the county court of Lubbock county, or the judge thereof, had exclusive power and jurisdiction to grant the writ, even if the petition on its face shows merit; and (2) that, even if the district judge had the power and jurisdiction to grant the order for injunction, this court should reverse and dismiss the proceeding and vacate the injunction or order, in that the petition for injunction shows upon its face a want of equity.

We are unable to agree with appellant in either of said contentions for reasons hereinafter elaborated. We are aware that there is some confusion and apparent conflict in some of the decisions of our appellate courts as to the exclusive jurisdiction of the county and district courts of this state under our present Constitution with reference to a trial on the merits of injunction proceedings; but we have not found it necessary to a proper disposition of this appeal to go into this question, or attempt to reconcile those apparent conflicts, as we have no such question before us in this case.

There is no question but that, under article 5, § 16, of our present Constitution, the county courts of this state and the judges thereof are given the power to grant injunction orders and finally dispose of injunction cases in instances not possessed by said courts or the judges thereof under former Constitutions; and they also have exclusive jurisdiction so to do in some instances, under our present Constitution, not formerly possessed. As a result thereof, the exclusive jurisdiction of our district courts, as well as the judges thereof, does not exist under article 5, § 8, in some instances where said district courts, and the judges thereof, could, under former Constitutions, exercise jurisdiction in injunction proceedings; and the same article and section has also had the effect of depriving our district courts and the judges thereof of a concurrent jurisdiction with the county courts and the judges thereof in some instances where it existed under former Constitutions. Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389, and authorities there cited.

An inspection of article 5, § 8, will show that the Legislature of this state is empowered to confer jurisdiction on our district courts in instances other than those set out in said section, and under that power article 2989 of Sayles' Annotated Civil Statutes, as amended in 1909 (Acts 31st. Leg. c. 34), was passed. It will be observed from reading this article of the statute that the only limitations on the power and jurisdiction of the district court judges of this state to make orders for injunctions is found in the several subdivisions of the article; and

it will be further observed that this article in no way undertakes to regulate the power to finally try and dispose of the injunctions which are therein authorized to be granted. The limitations of the power to finally try and dispose of the writs which may be granted under said article 2989, as amended, are found in article 2996, Sayles' Annotated Civil Statutes, which is as follows: "Writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such writ is pending or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the state, shall be returned to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom any writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile." It will be observed that this article does not, either in express terms or by implication, provide that a writ granted by the district judge shall be returned to a district court, but simply provides that it shall be returned to the proper court, as required under other provisions of the article.

The district courts and the judges thereof, under article 5, § 8, of our Constitution, are given general jurisdiction as trial courts, except where its jurisdiction is expressly or by necessary implication limited by the Constitution, or by some statute authorized to be passed thereunder; while our county courts and the judges thereof, under article 5, § 16, of our Constitution, have only such jurisdiction as it expressly or by necessary implication conferred on them under the Constitution or statutes authorized thereby to be passed. From reading the sections of the Constitution and statutes above referred to, we think it is made clear that district judges may order the issuance of writs of injunction in many instances where the judge or the court over which he presides has not the right, as a venue proposition, to finally dispose of same, or even to make any further orders referring thereto.

We think that article 5, § 16, of our Constitution, and said article 2989 of the statute, as amended, should be so construed as to confer exclusive jurisdiction on the county courts to finally try and dispose of all cases of injunction under the limitations in said section of the Constitution, and that article 5, § 8, of our Constitution, and article 2989 of our statute, as amended, should be so construed as to confer on our district courts and the judges thereof exclusive or concurrent jurisdiction to try and finally dispose of all other injunctions authorized under article 2989 of the statute.

[1] Aside from the questions discussed below, we think the district court of Lubbock county and the judge thereof without right to finally dispose of this injunction proceeding, or to make any orders therein, further than has been made; but, for the reasons above stated, and under the authorities above cited, we think that the judge of the district court of Lubbock county had the power and the right to order the writ of injunction issued; and the fact that the record shows that the proceeding was filed in and the writ issued out of the district court of Lubbock county cannot affect the validity of the order appealed from, even if this could be considered a ground for quashing or holding void the writ issued under said order. This we do not hold, however, and do not wish to be understood as passing upon that question, as it is not necessary in this case. In the absence, however, of some constitutional or statutory provision, it does not, we think, follow that process issued out of the proceedings had in a court, that is required to be filed and finally disposed of in another, is void, as is evidenced by article 3242 and similar provisions found in our statutes.

Even if it were held that a district judge had not the power to order the issuance of an execution on a judgment rendered in a county court in any case where the validity or regularity of the judgment was the basis of the relief sought, we still have no such case before us, for, as we construe the petition for injunction in this case, no attack is made on the judgment rendered in the county court; on the other hand, its verity and validity is relied on for relief, in that the allegations for injunction show a desire by the petitioner to be protected in its rights under the county court judgment by having the person holding the superior title to the lands in controversy execute and deliver a proper release, before petitioner is required to pay the award made in the county court judgment, provision for which is made in said judgment itself.

We take it that if the petition for injunction in this case had been filed as a plea of intervention in the case pending in the district court of Lubbock county, wherein the lien on the lands in controversy is sought to be foreclosed, it could not be successfully contended that the judge of that court would not have had the power to make the order for injunction that has been appealed from, because of the powers conferred under the first subdivision of section 1 of article 2989, as amended, and as construed in the case of Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, and Stein v. Frieberg, 64 Tex. 271, and as intimated in the case of Ellis v. Harrison et al., 24 Tex. Civ. App. 13, 57 S. W. 984; and, as facts necessary to the relief sought by the petition, in so far as they grew out of said

suit for foreclosure, are set out in the petition for injunction, so as to show the judge of the district court of Lubbock county that, unless the relief sought were granted, the rights of the parties to that suit, including the petitioner, could not properly be protected in the judgment that might thereafter be rendered in his court in that case, he most assuredly, under the authorities mentioned, had the power and right to grant the writ; and we think the fact that the petition for injunction was filed and numbered as a separate suit on the docket of this court in that county could not affect the validity of the order made by the judge, and which has been appealed from.

Article 2996 and other similar provisions in our statute are intended to avoid the condition that would arise if one judge or court were permitted, except in an appellate way, to revise or change judgments that may have been declared by other tribunals of co-ordinate jurisdiction, and is simply a declaration by statute of a principle long recognized and observed by the courts in practically all enlightened countries; but, so far as we are aware, it has never been held that this principle deprived a judge or tribunal having co-ordinate powers with the one having jurisdiction to finally dispose of the question on its merits, from granting original remedial orders where settled principles of equity require, and returning same to the tribunal having power and jurisdiction to finally pass on the merits of the controversy. This is evidenced by the fact that all judges of the district courts of this state (they being clothed by the Constitution with general equity powers) have always been recognized as having the power to grant writs, such as the one granted in this case, provided the same were returned to the tribunal having the right and power, under the venue laws, of finally disposing of said proceeding, unless expressly prohibited from so doing by the Constitution or the statute.

If this were an appeal from an order of the district judge or court of Lubbock county, dismissing or finally disposing of this injunction proceeding, we would have before us a very different question than the one presented on this appeal, and then the cases cited by appellant in his brief, such as the cases of Ellis v. Harrison et al., 24 Tex. Civ. App. 13, 57 S. W. 984, Miller v. Koertge, 70 Tex. 162, 7 S. W. 691, 8 Am. St. Rep. 587, and Jackson v. Finlay, 40 S. W. 427, as well as others that might be cited, would be in point; but we think none of these cases in point, as this appeal has been prosecuted under the first clause of section 2 of article 2989, as amended by the Legislature in 1909, at page 354, Acts of that year, as was held in the case of T. & P. Ry. Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671.

[2] If the allegations in the petition for injunction are true (and for the purposes of this appeal we must so consider them), we think it clear that a showing for equitable relief, such as was granted, is made, as appellee should certainly obtain title, as a result of the condemnation proceeding, that is clear of incumbrance to rights in the lands in controversy upon paying the damages awarded in said proceedings; and the fact that the owner of said lands fails to pay the indebtedness secured by vendor's lien against the land when it fell due, and thus permitted additional costs to accrue thereon, is no fault of appellee, and does not impose upon it the burden of being required to pay any sum in addition to the total amount of the award made in the county court proceeding, with accrued interest thereon.

[3, 4] While we have no power to look to the certificates of the clerk of the county and district courts of Lubbock county, made part of the transcript, but which were not before the court below when the order for injunction was made, as held by us in the case of Young v. Dudney, 140 S. W. 802, if it were admitted as a fact that the money tendered had not actually been paid into the court by appellee at the time the transcript was made out in this case, still we think the tender made in the petition for injunction in this case sufficient to sustain the order of the court for injunction, without actually showing that the money had been paid into the registry of the court. Smith v. Smith, 75 Tex. 410, 12 S. W. 678.

In this connection, we think it not amiss to call attention to the fact that the power of a court or judge to act in a given matter is a very different proposition to that of the question of the place where the same matter must be disposed of on its merits, and that this distinction must be borne in mind in order to a proper construction of article 5, §§ 8 and 16, in our Constitution, when construed in connection with articles 1194, 2989, 2996, 3242, and similar articles to be found in the statute.

Believing that the judge of the district court of Lubbock county had the power to make the order for injunction appealed from, and further believing that under the allegations in the petition, if true, he was warranted in making said order, said order will be by us, in all things, affirmed; and it is so ordered.