HAMMACK et al. v. SCHLEY. (No. 5657.)

(Court of Civil Appeals of Texas. Austin. May 24, 1916.)

INJUNCTION ☞110—ACTIONS—JURISDICTION.
Under Rev. St. 1895, art. 2996, providing that writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered, while a district judge may have authority to issue a temporary injunction to prevent the execution of a judgment in the county court, it should be made returnable to the county court, and the district court has no jurisdiction to pass on the question of making it permanent.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 188–194; Dec. Dig. ☞110.]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by D. S. Schley against J. W. Hammack and another. From a judgment for plaintiff, defendants appeal. Reversed, with instructions.

R. F. Moore and R. B. Cross, both of Gatesville, for appellants. Mears & Watkins, of Gatesville, for appellee.

KEY, C. J. Geo. T. Moore recovered a judgment against J. C. Schley in a justice of the peace court of Coryell county, and caused an execution to be issued and levied upon a certain wagon. D. S. Schley filed his claimant's oath and bond for the trial of the rights of property, which trial resulted in a judgment against D. S. Schley in the justice court, and he appealed the case to the county court, where a similar judgment was rendered. Following the terms of the statute, this latter judgment provided that it might be satisfied by the return of the property and payment of the costs and damages within ten days from the date of the judgment. After the expiration of ten days, an execution was issued upon that judgment, and D. S. Schley made an application to the judge of the district court of Coryell county for an injunction to prevent the enforcement of the judgment and execution referred to; and, upon a trial in the district court of Coryell county, a judgment was rendered overruling the defendant's plea to the jurisdiction of that court, finding that D. S. Schley had paid off and satisfied the judgment rendered against him by the county court of Coryell county, and restraining Geo. T. Moore, the plaintiff in that suit, and J. W. Hammack, the constable who was threatening to enforce the execution, from attempting to enforce or collect the judgment referred to; and Moore and Hammack have appealed.

We sustain appellants' first assignment of error, which complains of the action of the district court in overruling their plea to the jurisdiction of that court. It is expressly provided by article 2996 of the Revised Statutes of 1895, that writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. The plain and specific terms of that statute leave little room for construction; and, giving to its provisions their plain and obvious meaning, we hold that, while the district judge may have had authority to issue the temporary injunction, it should have been made returnable to the county court of Coryell county, and the district court committed reversible error when it overruled appellants' plea to its jurisdiction. Railway Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671; Railway Co. v. Butler, 52 Tex. Civ. App. 327, 135 S. W. 1064; Moore v. Vogt, 127 S. W. 234; Baker v. Railway Co., 146 S. W. 569; Bell v. York, 43 S. W. 68; Winnie v. Grayson, 3 Tex. 429; Cook v. Baldridge, 39 Tex. 250.

For the reasons stated, the judgment of the

district court is reversed, and the cause remanded, with instructions to that court to either dismiss the case or transfer it to the county court of Coryell county, as appellee Schley may elect; all the costs to. be taxed against him.

Reversed with instructions.

---

⟨☞⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.