CROSBY et al. v. ARRIETTA.   (No. 988.)

(Court of Civil Appeals of Texas.   El Paso. Jan. 30, 1919.   Rehearing Denied Feb. 27, 1919.)

COURTS ⬤�longdash480(3) — CONFLICTING JURISDICTION—INJUNCTION.

Where county court at law had jurisdiction of parties in a forcible detainer case and judgment was regular upon its face, district court did not have jurisdiction to enjoin issuance and execution of a writ of possession; an appeal having been taken to appellate court from county court.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Proceedings by Mary Arrietta to enjoin Josephine Crosby and others from issuing and executing a writ of possession out of the county court. From an order granting a temporary writ of injunction, the defendants appeal. Reversed and rendered.

C. W. Croom and S. O. Lattner, both of El Paso, for appellants.

Jno. T. Hill, of El Paso, for appellee.

HARPER, C. J. This is an appeal from an order granting a temporary writ of injunction.

The order of the court upon the application for the writ is not in the transcript; but, from the fact that a statement of facts is brought up with the record, we conclude that the application was set down for hearing with notice to appellants, and that upon hearing the court entered its order granting the writ to the effect:

"That Josephine Crosby and Douglas Crowell, their agents and attorneys, are enjoined from issuing and executing a writ of possession to the premises * * * out of the county court at law, until this cause is heard in this court, or until further order or modification of this temporary injunction, * * * and the clerk, shall issue notice, etc."

The record discloses that the statutory action of forcible detainer was filed February 13, 1918, by Mrs. Crosby against Mary Arrietta for possession of the property in controversy; that, from a judgment there, the case was appealed to the county court at law of El Paso county, Tex.; that in September, 1918, the latter court tried the cause with a jury, and upon their verdict entered its judgment for plaintiff, Crosby, for possession of the premises, and for $175 rents due, and ordered execution and writ of restitution.

Defendant, Arrietta, filed affidavit of inability to pay costs or to give security therefor in lieu of appeal bond, thereby perfecting an appeal to the Court of Civil Appeals of the Eighth District. Thereafter, upon No-

vember 18, 1918, the clerk of the county court issued a writ of possession in due form; there is nothing in the record to show whether or not this writ was placed in the hands of the sheriff or constable for execution. Did the district court have jurisdiction? In Baker v. Crosbyton S. R. Co., 107 Tex. 566, 182 S. W. 287, Justice Yantis, for the Supreme Court, quoting article 4653 Vernon's Sayles of Texas, said:

" 'Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *' This statute commanded that, when the district court issued its writ of injunction, it should make it returnable to the county court where the judgment which was under attack by it had been rendered. By implication it deprived the district court of jurisdiction to do more, except in cases where the judgment of the county court is void upon its face, or where it appears affirmatively from the record that such judgment is void, or that the property attempted to be levied upon is exempt from such levy or is owned by persons not parties to the judgment." Hammack v. Schley, 186 S. W. 872.

In Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876, it was held that where a court of general jurisdiction, in the exercise of its ordinary functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and of the subject-matter in controversy, such judgment is never void, no matter how erroneous it may appear from the face of the record or otherwise.

From the record, it conclusively appears that the county court at law had jurisdiction of the parties, and that the judgment is regular upon its face—a valid and binding judgment of a court of competent jurisdiction over the subject-matter and amount involved, and it has not been superseded. We are therefore of the opinion that the facts pleaded and proved present no valid ground for the writ. The judgment of the district court is reversed and rendered, and the writ of injunction dissolved.