**PARMER et al. v. EAST TEXAS SECURITIES CO. et al. (No. 1718.)**

Court of Civil Appeals of Texas. Beaumont. May 9, 1929.

W. T. Davis, of San Augustine, G. E. Richardson, of Jasper, and J. R. Bogard, of San Augustine, for appellants.

Jno. B. Forse, of Newton, for appellees.

WALKER, J. Appellants presented to the district judge of San Augustine county, in chambers, their petition praying that the enforcement of a judgment of the county court of Jasper county against them be enjoined. The judge granted the temporary injunction as prayed for, and made it returnable to the district court of San Augustine county. Appellants duly filed their petition in that court, the injunction duly issued, and upon a hearing in term time the court sustained appellees' exceptions to the effect that the writ should have been made returnable to the county court of Jasper county and not to the district court of San Augustine county. In transferring the case to the county court of Jasper county, the district judge ordered that the injunction remain in effect until disposed of by the county court.

This order was not error. The judgment enjoined was entered in a sequestration suit in the county court of Jasper county, wherein appellant W. C. Parmer was the original defendant. He replevied the sequestered property by executing a bond with the other appellants, T. B. Parker, Ed Kennon, and A. Murphy, as sureties. The judgment in the county court was against Parmer for the sum of $642.06, and for a foreclosure of the mortgage lien upon the sequestered property. The following judgment was entered upon the replevy bond:

"And it further appearing to the Court that said above described property was replevied by the defendant, who, on the 27th day of July, A. D. 1926, executed his replevy bond therefor in the sum of One Thousand ($1,000.-00) Dollars, with F. K. Parker, I. E. Roberts, Ed Kennon and A. Murphy, as sureties.

"It is therefore ordered, adjudged and decreed, that the said plaintiff, East Texas Securities Company, have and recover of the defendant, W. C. Parmer, and F. K. Parker, I. E. Roberts, Ed Kennon, and A. Murphy the sureties on his replevy bond, the sum of $642.06 together with all costs in this behalf expended for which it may have its execution."

Appellants, in their petition, attacked this judgment upon two grounds:

(1) "Plaintiff further represent that the judgment entered against the sureties on said bond to wit, F. K. Parker, Ed Kennon and A. Murphy, for $642.06 together with all costs expended in that behalf and awarding execution against them for said amount is contrary to

law and void in that it imposes upon them a liability contrary to the law in such cases made and provided."

(2) That the judgment had been satisfied in so far as the sureties were concerned, in that Parmer, within the time required by law, tendered said truck to plaintiff in said judgment, and at the direction of its manager delivered same to the sheriff of San Augustine county in as good condition as when same was replevied; that the sheriff sold said truck and applied the proceeds thereof as a credit on said judgment.

■ The judgment as entered was not void. The peculiar facts of the county court case may have warranted the judgment as entered. That issue must be determined upon grounds outside the record and upon extraneous proof. The judgment was prima facie valid and not subject to attack in any other court. Article 4653, R. C. S. 1911; Wheeler v. Powell (Tex. Civ. App.) 114 S. W. 689.

■ The allegation that the judgment was paid by surrendering the sequestered property to the sheriff of San Augustine county did not confer jurisdiction upon the district court of that county. This was the only point involved in Hammack v. Schley (Tex. Civ. App.) 186 S. W. 872. In that case the district judge granted the temporary injunction restraining the execution of the county court judgment upon allegations that it had been paid. Upon a hearing the district court found that the county court judgment had been paid and made permanent its temporary injunction. This judgment was reversed upon the court's construction of article 2996, now article 4656, cited supra. The court said: "It is expressly provided by article 2996 of the Revised Statutes of 1895, that writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. The plain and specific terms of that statute leave little room for construction; and, giving to its provisions their plain and obvious meaning, we hold that, while the district judge may have had authority to issue the temporary injunction, it should have been made returnable to the county court of Coryell county, and the district court committed reversible error when it overruled appellants' plea to its jurisdiction. [Texas & P.] Railway Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671; [Texas & P.] Railway Co. v. Butler, 52 Tex. Civ. App. 327, 135 S. W. 1064; Moore v. Vogt, [Tex. Civ. App.] 127 S. W. 234; Baker v. [Crosbyton Southplains] Railway Co. [Tex. Civ. App.] 146 S. W..569; Bell v. York [Tex. Civ. App.] 43 S. W. 68; Winnie v. Grayson, 3 Tex. 429; Cook v. Baldridge, 39 Tex. 250."

■ The district court of San Augustine county properly sustained the exceptions to its jurisdiction. While the judge of that court had authority to grant the temporary writ of injunction, neither he, as judge, nor the court over which he presided had jurisdiction to pass upon the merits of appellants' petition. The case was properly transferred to the county court of Jasper county. While we do not think it is material upon any point involved, it should be said that Judge V. H. Stark, district judge of San Augustine county, was also the district judge of Jasper county.

Affirmed.