**O'BANION, Sheriff, et al. v. WEAVER.**
**No. 2415.**

Court of Civil Appeals of Texas. Beaumont.
June 2, 1933.

Anderson & Lewis, of Center, for appellants.

Sanders & McLeroy, of Center, for appellee.

O'QUINN, Justice.

This is an appeal by Mrs. Rilla O'Banion, sheriff of Shelby county, Tex., and Duke H. Herbert, of Nacogdoches county, Tex., from a judgment of the county court of Shelby county, overruling their plea to the jurisdiction of said court and their motion to dismiss the case from the docket of said court.

Appellee, Noble Weaver, on August 23, 1932, filed application in the county court of Shelby county for a temporary injunction to enjoin an execution issued out of the county court of Nacogdoches county upon a judgment rendered in said court. The judge of the county court of Shelby county, in chambers, on said date granted the injunction, and set the cause for hearing on September 19, 1932, in the county court of Shelby county. Service was duly had on appellants, defendants therein, and they appeared and answered excepting to the jurisdiction of the court to hear and determine the matter and moved that the cause be dismissed from the docket of said court. Upon hearing the motion to dismiss was refused, and the plea to the jurisdiction was overruled. This appeal followed.

It appears from appellee's petition for injunction that appellant Duke H. Herbert filed suit in the county court of Nacogdoches county against Leonard Brown, and caused a writ of sequestration to be executed upon a Ford automobile. Brown replevied the automobile with appellee Noble Weaver and John T. Brown as sureties on his replevy bond, and the car was released to defendant Leonard Brown. On December 3, 1931, Herbert secured judgment against defendant Leonard Brown, as principal, and against his bondsmen, Noble Weaver and John T. Brown, in the sum of $225.50 and costs of suit. Execution was issued on this judgment, and lat-

er an alias execution was placed in the hands of the sheriff, Mrs. Rilla O'Banion, of Shelby county, and it was about to be levied upon property of appellee Weaver. He sued out the injunction here in question to restrain the execution of the judgment, as above stated.

Appellee, in his petition for injunction, alleged that the judgment against him as surety on the replevy bond was void because when the judgment was rendered against his principal, and himself as surety, he, within the time required by law, delivered the sequestered automobile to the sheriff of Nacogdoches county, whereby he fully discharged his obligations under the replevy bond. He further alleged that the judgment of appellant Herbert in said Nacogdoches county court foreclosed a mortgage lien on said automobile, and that after said automobile was delivered back to the sheriff in compliance with the replevy bond, it was sold and "he is informed said proceeds were never applied to the judgment," by reason of which the judgment against him, "if same exists at all, is void and of no effect as against petitioner, and was obtained and procured by means of fraud rendering the same absolutely void and of no effect."

There is neither a statement of facts, nor findings of fact by the court, in the record. There is nothing in appellee's petition for injunction that points to the judgment against which he invokes the injunction as being void. His allegations, in fact, show the judgment to be regular. Appellants insist that when the county judge of Shelby county granted the application for a temporary injunction against appellants enjoining the execution of said judgment, he should have made same returnable to the county court of Nacogdoches county for hearing, that being the court in which the judgment was had, and that the county court of Shelby county was without jurisdiction to hear and further determine the matter. This challenge to the jurisdiction of the Shelby county court was presented and urged to said court, and was overruled.

We sustain appellants' first assignment which complains of the action of the court in overruling their plea to its jurisdiction. Article 4656, R. S. 1925, among other things, provides that: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered." It is only where the judgment sought to be enjoined is absolutely void that a court, other than the one rendering the judgment, can exercise jurisdiction to fully hear and determine the matter. Bullitt v. Jesse French Piano & Organ Co. (Tex. Civ. App.) 158 S. W. 782 (writ refused); Hillsman v. Cline (Tex. Civ. App.) 145 S. W. 726; Hammack v. Schley (Tex.

Civ. App.) 186 S. W. 872; Texas Employers' Ins. Ass'n v. Tabor (Tex. Civ. App.) 291 S. W. 311; Parmer v. East Texas Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 711; Salamy v. Bruce (Tex. Civ. App.) 21 S.W.(2d) 380. The allegation of appellee that the judgment of the Nacogdoches county court, in so far as it affected him as a surety on the replevy bond, was paid by him surrendering the sequestered property to the sheriff of Nacogdoches county, did not confer jurisdiction on the county court of Shelby county to enjoin enforcement of the judgment of the county court of Nacogdoches county. Parmer v. East Texas Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 711.

The county court of Shelby county not having jurisdiction to hear and determine the matter, the judgment will be reversed, and the cause remanded with instructions to either dismiss the case or transfer it to the county court of Nacogdoches county, as appellee Noble Weaver may elect; all costs will be taxed against him. Hammack v. Schley (Tex. Civ. App.) 186 S. W. 872.

As the case may be transferred to the county court of Nacogdoches county, for its guidance in further proceedings, we will state that in the absence of facts to the contrary, an appellate court will assume that the trial court had before it and passed upon all facts necessary to authorize the rendition of and support the judgment. In view of the fact that the record here does not show what facts were before the trial court nor just what the judgment determined, other than it was for $225.50 and costs against the defendant and his replevy bondsmen, we will say that, relative to the sequestration proceedings, the judgment should have been against the defendant and his replevy bondsmen, jointly and severally, for the value of the property replevied, and for the fruits, hire, and revenue thereof as the case may be; and that the value of the property replevied should be proven as of the time of the execution of the replevy bond and as of the date of the trial, in order to ascertain what, if any, it had been injured or damaged since the replevy. Then, after the property has been returned as required by article 6853, R. S. 1925, judgment should be against the bondsmen for the difference in its value at the date of the replevy and at the date of the trial, and if not returned, for the full value of the property at the date of its replevy. The deficiency in the judgment over and above the value of the returned automobile as of the date of its replevy may not be adjudged against the bondsmen, they being liable only for the value of the replevied property, together with its fruits, hire, and revenue, if any. Article 6852, R. S. 1925; Mutual Investment Corp. v. Hays (Tex. Com. App.) 59 S.W.(2d) 97; Linn Bros. Motor Co. v. Williams (Tex. Civ. App.) 293 S. W. 658.

Appellee, in his petition for injunction, says that he delivered the sequestered automobile to the sheriff of Nacogdoches county within the time required by law, hence his release from further liability. Article 6853, R. S. 1925, provides that such delivery shall be made within ten days after the rendition of the judgment. Appellee includes in his petition for injunction a receipt from the sheriff of Nacogdoches county showing delivery of the automobile by appellee on December 18, 1931. The judgment was rendered December 3, 1931. It is obvious that the delivery was not in compliance with the statute. It is not shown that the delivery was made with the knowledge and consent of the plaintiff in the suit, Duke H. Herbert, appellant here. If he knew of the delivery of the car and agreed for it to be returned at the date it was, then it will have the effect of a legal return, otherwise not so.

Again, it appears that appellee, one of the sureties on the replevy bond, made the return of the car, and not the defendant in the suit. As no appeal from the judgment was taken by either the defendant or his sureties on his replevy bond, the judgment requiring delivery within ten days from the rendition of the judgment became final as to all of them, and fixed the time for delivery of the car. General Motors Acceptance Corp. v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 48 S.W.(2d) 1029, 1031. Moreover, "the statute gives a defendant the right to return property replevied, but it does not, in terms, confer on sureties the right to have it returned, and, in the absence of a law thus providing, or of some contract between principal and surety securing such a right, it is not seen on what ground the latter can claim it." Krall v. Campbell Printing-Press & Mfg. Co., 79 Tex. 556, 564, 15 S. W. 565. So, it not appearing that there was any contract between appellee and his principal, Leonard Brown, that appellee was to have the right to return the car, in case judgment went against Brown, it does not appear that the car was legally returned, and, as we have above said, unless appellant Herbert agreed to the delivery of the car at the time it was returned, then there was no legal return of the car which would in any degree relieve the liability of the sureties on the replevy bond.

Reversed and remanded, with instructions.